4104.   REDDICK *v.* THE STATE.

RUSSELL, J. 1. In the absence of a request to charge to that effect, a new trial is not required by the omission of the court to charge the jury in a criminal case that they are the judges of the law and the facts; or that they are to ascertain the facts from the evidence and the defendant's statement, and are to take the law as given them in charge by the court, and, by applying the law thus given to the facts so ascertained, make up their verdict. The fact that the jury are not specially instructed that they are judges of the law and the facts in criminal cases (there being in the charge no reference whatever to this subject) does not deprive the accused of the right granted to him by article I, section II, paragraph 1, of the constitution of the State of Georgia (Civil Code, § 6382; Penal Code, § 1059).

2. An instruction that "to constitute the offense of assault with intent to murder, there must be made an assault by one person upon another, with a weapon likely to produce death, in the manner used, the assault must be actuated by malice, either express or implied, and made by a person making the assault with the specific intent to kill the person assaulted," is not error, either for the reason that it tended to confuse the jury or for any other reason.

3. When the facts from which the inference of guilt or innocence is to be drawn are all established by direct proof, and only the intent with which the alleged criminal act was committed, or the degree of criminality, must be inferred, the trial judge, in the absence of a timely request, is not required to give in charge to the jury the usual rule applicable to circumstantial evidence, to the effect that if the proved facts are consistent with innocence, the defendant should be acquitted; this for the reason that every one is presumed to intend the natural and legitimate consequences of his acts.

4. It is error to fail to charge the jury in a criminal case substantially to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial and until his guilt is established by proof.

5. The law will not hold him guiltless who creates the necessity to kill another by provoking an attack in order to afford himself a pretext for slaying his assailant, but one who has provoked a difficulty may defend himself against violence on the part of the one provoked, if the violence against which he defends is disproportionate to the seriousness of the provocation, or greater in degree than the law recognizes as being justifiable under the circumstances.          *Judgment reversed.*

DECIDED MAY 7, 1912.

Indictment for assault with intent to murder; from Early superior court—Judge Worrill. February 29, 1912.

*Rambo & Wright,* for plaintiff in error.

*J. A. Laing,* solicitor-general, *R. R. Arnold,* contra.