### 4845.   BUTTS *v.* THE STATE.

1. The failure of a trial judge in a criminal case to charge the jury to the effect that the defendant enters upon his trial with a presumption of innocence in his favor, and that this presumption remains with him, in the nature of evidence, until rebutted by proof satisfying the jury of his guilt to the exclusion of reasonable doubt, is error requiring the grant of a new trial.
2. The presumption of innocence is affirmative proof in behalf of one accused of crime, and places upon the prosecution the burden of rebutting it by proof which shall satisfy the jury of the defendant's guilt beyond a reasonable doubt.   The term "presumption of innocence" is not synonymous with "reasonable doubt of guilt."   The presumption refers to a substantive right, which is in the nature of evidence, and the phrase "reasonable doubt" applies to a mental condition when there is an absence of the degree of proof necessary to produce mental conviction.
3. The court correctly charged the jury the principles of law relating to accomplices and the weight to be given the testimony of an accomplice; and the court did not err in the admission of the testimony to which exception is taken.

DECIDED AUGUST 25, 1913.

Indictment for burglary; from Baldwin superior court—Judge J. B. Park.   March 22, 1913.

*John A. Sibley,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.

RUSSELL, J.   1.   We shall not discuss the testimony in the case, since we are constrained to grant a new trial upon the assignment of error in which complaint is made that the trial judge failed to

instruct the jury that the defendant entered upon his trial with the presumption of innocence in his favor, and that this presumption remains with him throughout the trial, until it is rebutted by proof satisfying the jury of the defendant's guilt to the exclusion of a reasonable doubt. The precise point was ruled by this court in *Reddick* v. *State,* 11 *Ga. App.* 150 (4) (74 S. E. 901).

2. As well pointed out by Mr. Justice (now Chief Justice) White, in *Coffin* v. United States, 156 U. S. 432, 458 (15 Sup. Ct. 394, 39 L. ed. 481), the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence. To use the language of Justice White: "The presumption of innocence is a conclusion drawn by law in favor of the citizen, by virtue whereof, when brought to trial on a criminal charge, he must be acquitted unless he is proven to be guilty. In other words, this presumption is an instrument of proof created by law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created." Reasonable doubt "is of necessity the condition of mind produced by the proof resulting from evidence in the cause. It is the result of the proof, not the proof itself; whereas the presumption of innocence is one of the instruments of proof, going to bring about the proof, from which reasonable doubt arises; thus one is a cause, the other an effect" (p. 460). Numerous cases are cited by the learned jurist clearly illustrating the proposition that the "presumption of innocence" is not synonymous with "reasonable doubt of guilt." A perusal of the opinion of Justice White in the case just cited will delight any one with a taste for history and literature, as well as students of the law.

3. We find no error in the rulings of the court upon the admissibility of testimony; nor is the complaint which is addressed to the instruction of the court on the subject of accomplices well founded. The plaintiff in error is entitled to another trial because he was deprived of a substantial right. The failure of the judge to present to the consideration of the jury the presumption of innocence, which was a shield in the nature of evidence in his favor, placed upon the State a burden lighter than that imposed upon it by law, and took from the defendant an important accessory of the trial which might of itself have raised a reasonable doubt.

*Judgment reversed.*