## 5460.  THURMAN *et al.* v. THE STATE.

WADE, J.  1. Generally it is immaterial how a threat was communicated; the question of importance is, was it actually received by the party against whom it was directed?

2. Where evidence tending to show a conspiracy was admitted by the court, over objection as to its relevancy, under an agreement of the State's attorney to connect it with other evidence or establish such relevancy later, it was not error for the judge to fail afterwards to exclude the testimony, though there was a failure to connect it or show its relevancy as promised, there being no subsequent motion to exclude it for this reason. *Lindsay* v. *State,* 138 *Ga.* 818 (7), 823 (76 S. E. 369); *Stone* v. *State,* 118 *Ga.* 705 (9), 716 (45 S. E. 630, 98 Am. St. R. 145).

3. Evidence as to a declaration of a bystander, accusing one then present of the commission of a criminal act, which declaration the accused person heard but failed to deny or explain, may tend to establish his guilt, and is admissible on his trial for such offense. Penal Code, § 1029.

4. An excerpt from the charge of the trial judge which appears to be involved or confused will not demand a new trial, where the charge as a whole removes the confusion and presents with sufficient clearness the point touched upon in the portion objected to.

5. It was not reversible error for the trial judge to omit instruction to the jury as to what would constitute "other equivalent circumstances" sufficient to justify excitement of passion and thereby reduce a crime from murder to manslaughter, though it was permissible for him to give the proper definition of the phrase, as indicated in *Murray* v. *State,* 85 *Ga.* 378 (11 S. E. 655). Especially is this true in the absence of an appropriate timely request to define to the jury the term "other equivalent circumstances." The point now raised was not presented in the *Murray* case, supra, as there the complaint was that the definition given of the term "other equivalent circumstances" too greatly restricted the jury in their determination of the circumstances which might authorize an irresistible impulse of passion. The decision in the *Murray* case was directed only to the facts of that particular case.

6. It is well settled that the failure of the trial judge to charge the jury in a criminal case to the effect that the defendant entered upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him until overcome by proof satisfying the jury of his guilt beyond a reasonable doubt, is reversible error. *Coffin* v. *U. S.,* 156 *U. S.* 432 (15 Sup. Ct. 394, 39 L. ed. 481); *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Butts* v. *State,* 13 *Ga. App.* 274 (79 S. E. 87).

(*a*) There are many "presumptions of law" which might arise in the trial of a criminal case; as, for instance, the presumption of an intent to kill, from the deliberate use of a deadly weapon; or the presumption of malice, arising from the killing; the presumption that an unlawful act was criminally intended, until the contrary appears; and the presumption that the accused is innocent, until his guilt is proved beyond a reasonable doubt.

(*b*) A charge in these words: "Notwithstanding this indictment, each of these defendants enters into the trial of this case with *the presumption*

*of law* in his favor, and this presumption follows each one of the defendants until the State, to a reasonable and moral certainty and beyond a reasonable doubt, convinces you of the guilt of the defendants, in the event you convict any or all of these defendants," did not present the law as to the presumption of innocence, with the clearness with which the defendants were entitled to have this doctrine presented, and may have been confusing to the jury, and failed to safeguard the interests of the defendants to the degree the law demands.

(c) The distinction drawn by counsel for the accused between a charge that "the presumption of law" was in favor of the defendants, and a charge that "the presumption of innocence" was in their favor, especially where there was not in the entire charge any other reference, direct or indirect, to the presumption of innocence with which the law invests any person charged with crime, is not meticulous, since it deals with a vital question, under our form of criminal procedure, and can not be dismissed from consideration with the suggestion that the jury probably understood the meaning of the trial judge.

7. The other assignments of error are without substantial merit.

*Judgment reversed. Roan, J., absent.*

DECIDED MAY 14, 1914.

Conviction of manslaughter; from Jones superior court—Judge James B. Park. December 15, 1913.

*F. Holmes Johnson, G. L. Anderson,* for plaintiff in error.
*J. E. Pottle, solicitor-general,* contra.