## 27155. McKIBBEN *v.* THE STATE.

*J. A. Wright, Henry D. Stewart,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

GUERRY, J. Complaint is made as to the following charge by the court: "He files his plea of not guilty, thereby putting the burden on the State to prove each and every allegation in the bill of indictment as alleged, to your satisfaction, beyond a reasonable doubt. The presumption was at the outset that he was innocent. That legal presumption of innocence alone entitles him to an acquittal at your hands unless overcome by proof of guilt beyond a reasonable doubt." It is contended that such charge was misleading and confusing in that the use of the word "outset" limited the presumption of innocence in favor of the defendant to the beginning of the trial and prevented the presumption from remaining with him through the trial.

It is true that "It is error to fail to charge the jury in a criminal case substantially to the effect that the defendant enters upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him throughout the trial and until his guilt is established by proof." *Reddick* v. *State,* 11 *Ga. App.* 150 (4) (74 S. E. 901). The language used by the trial judge was inapt and subject to criticism, but we do not think requires a reversal of this case in view of the entire charge. The paragraph excepted to shows that the jury were instructed that the guilt of the accused must be proved to their satisfaction and beyond a reasonable doubt. At the close of the charge this instruction was repeated. We do not think that, because the court tells the jury that the defendant enters the trial with the presumption of innocence in his favor, but fails to state in the same connection that such presumption remains with him throughout the trial, such omission is error where he repeatedly charges that the State must

show the guilt of the accused beyond a reasonable doubt. An interesting discussion of a somewhat similar state of facts will be found in *Webb* v. *State,* 11 *Ga. App.* 850, 852 (76 S. E. 990).

If the State has overcome the presumption of innocence with which the defendant enters the trial by proof of his guilt beyond a reasonable doubt, we fail to see that any injury has been done him by the omission above stated. As quoted from Greenleaf on Evidence in the *Webb* case, supra, "This legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence to the benefit of which the party is entitled." He is not entitled to it after the State has overcome it by proof of guilt beyond a reasonable doubt. The charge in the present case sufficiently stated this principle, though its language may have been inapt.

The evidence supported the verdict and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*