KELLY et al. v. THE STATE.

JENKINS, Chief Justice. 1. In all criminal cases, including homicide cases, tried under a plea of not guilty, the presumption of innocence is a fundamental doctrine of American criminal jurisprudence. This presumption remains with the defendant throughout the progress of the trial, unless and until it be overcome in the minds of the jury from what is adduced on the stand, under the rules of law as given by the court. When the presumption of innocence may in fact be overcome in their minds, and the burden shifted, is but a rule of evidence. Even in the plainest of cases, it is for the jury to determine as a matter of fact under instructions from the court, and not for the court to determine as a matter of law, whether such original presumption of innocence has or has not been overthrown. This court has often dealt with the rule of evidence as to when, in a homicide case, the burden is shifted, by approving or disapproving instructions given by the court to the jury on this subject. In Mann v. State, 124 Ga. 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934), this court approved a charge to the jury, which was in the following language: "When the killing is proved to be the act of the defendant, the presumption of innocence with which he enters upon the trial is removed from him, and the burden is then upon him to justify or mitigate the homicide; but, as before charged, the evidence to do this may be found in the evidence offered by the State to prove the killing, as well as by the evidence offered by the defendant." This rule, as set forth in the Mann case, has been approved and followed many times. See Brown v. State, 184 Ga. 305 (1) (191 S. E. 108); Roberts v. State, 189 Ga. 36, 45 (4) (5 S. E. 2d, 340), and citations in those cases. But approval of a rule held to be proper with respect to instructions to the jury, in order to guide them in their own determination of when and under what circumstances this presumption of innocence should be taken as having been shifted, is one thing, and the question as to whether the judge has the right to withhold altogether from the jury the doctrine of the presumption of innocence, by determining for himself and as a matter of law that under the evidence it has no place in a criminal trial under a plea of not guilty, is an altogether different thing. The very fact that in the Mann case, and the cases cited following it, the court was ruling on what constituted correct instructions to the jury in respect to how and when the presumption of innocence would

be taken as removed, is in itself clearly indicative that the question is one not for the court but for the jury to determine. Thus, while it is the function of the judge to submit to the jury appropriate instructions on the question as to whether in their minds the presumption of innocence has or has not been removed, it is still true that, even in the plainest of cases, he can no more withhold or withdraw this basic safeguard with which all persons accused of crime are clothed than he could in a flagrant case direct a verdict of guilty. That, of course, he can not do since the jury alone has the power to condemn. Accordingly, the rulings by the Court of Appeals (*Reddick* v. *State,* 11 *Ga. App.* 150 (4), 74 S. E. 901; *Butts* v. *State,* 13 *Ga. App.* 274 (1), 79 S. E. 87); *Thurman* v. *State,* 14 *Ga. App.* 543 (6), 81 S. E. 796, to the effect that in criminal cases it is error to fail to charge on the presumption of innocence, with which one accused of crime enters upon his trial, embody a sound principle of law, and this is true irrespective of what the evidence or lack of evidence may be, and even though the jury, under instructions of law from the court, should unquestionably find that such original presumption of innocence had in fact been overcome.

2. Since the case must be retried, it is well to stress again the previous admonition of this court that it is reversible error to give in charge the provisions of Code §§ 26-1011, 26-1012 in such a manner as to confuse the jury in a proper application of the principles of law as contained in § 26-1014. *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480); *Boatwright* v. *State,* 162 *Ga.* 378, 379 (4) (134 S. E. 91); *Little* v. *State,* 164 *Ga.* 509 (5) (139 S. E. 37); *Smith* v. *State,* 203 *Ga.* 317 (46 S. E. 2d, 583).

3. The remaining grounds of the motion for new trial have been considered and are without merit.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16297.    SEPTEMBER 7, 1948.

*Dan S. Cowart* and *C. L. Cowart,* for plaintiffs in error.

*Eugene Cook, Attorney-General, R. L. Dawson, Solicitor-General,* and *Rubye G. Jackson,* contra.