### 34872. BIRD *v.* THE STATE.

GARDNER, P. J. 1. The defendant was convicted on an indictment containing two counts: Count 1 is based on the operation of an automobile on a public highway while under the influence of intoxicating liquors. Count 2 is based on Code (Ann. Supp.) § 68-9919. See Ga. L. 1939, pp. 295, 296; 1953, pp. 376, 377. The jury returned a verdict of guilty against the defendant on each count. He filed a motion for new trial on the general grounds and thereafter added two special grounds. The general grounds are not argued and are, therefore, considered abandoned.

2. (*a*) Special ground 1 complains because the court failed to charge substantially the law that the defendant entered upon the trial with the presumption of innocence in his favor, and that the presumption of innocence remained with him throughout the trial until and unless the State submitted evidence sufficient to convince the minds of the jury of the defendant's guilt to a moral and reasonable certainty and beyond a reasonable doubt. In this connection, the only charge of the court regarding this question is: "The burden, gentlemen, is imposed on the State to make good the State's contention of guilt in either or both counts in the accusation. . . The degree of conviction or persuasion, or proof, required of the State in producing a conviction of crime at the hands of a jury, is required to be to a moral and reasonable certainty, and beyond a reasonable doubt. Now, what is meant by a reasonable doubt? What is required of the State? A reasonable doubt is not a vague or a shadowy or a captious, thin doubt, not just any kind of a doubt, but as the word itself implies, a reasonable doubt, one which you could assign a reason in the experience of fair-minded men. . . If you find that the State has carried the burden by convincing you as fair and reasonable men to a moral and reasonable certainty and beyond a reasonable doubt that the defendant is guilty of either one or both of the charges contained in the accusation, you should find a verdict of guilty."

This did not meet the substantive requirements of the law in regard to

the presumption of innocence of every defendant. See *Kelly* v. *State,* 204 *Ga.* 239 (49 S. E. 2d 489) as follows: "In all criminal cases, including homicide cases, tried under a plea of not guilty, the presumption of innocence is a fundamental doctrine of American criminal jurisprudence. This presumption remains with the defendant throughout the progress of the trial, unless and until it be overcome in the minds of the jury from what is adduced on the stand, under the rules of law as given by the court. When the presumption of innocence may in fact be overcome in their minds, and the burden shifted, is but a rule of evidence. Even in the plainest of cases, it is for the jury to determine as a matter of fact under instructions from the court, and not for the court to determine as a matter of law, whether such original presumption of innocence has or has not been overthrown. . . Thus, while it is the function of the judge to submit to the jury appropriate instructions on the question as to whether in their minds the presumption of innocence has or has not been removed, it is still true that, even in the plainest of cases, he can no more withhold or withdraw this basic safeguard with which all persons accused of crime are clothed than he could in a flagrant case direct a verdict of guilty. That, of course, he can not do since the jury alone has the power to condemn. Accordingly, the rulings by the Court of Appeals (*Reddick* v. *State,* 11 *Ga. App.* 150 (4), 74 S. E. 901; *Butts* v. *State,* 13 *Ga. App.* 274 (1), 79 S. E. 87; *Thurman* v. *State,* 14 *Ga. App.* 543 (6), 81 S. E. 796), to the effect that in criminal cases it is error to fail to charge on the presumption of innocence, with which one accused of crime enters upon his trial, embody a sound principle of law, and this is true irrespective of what the evidence or lack of evidence may be, and even though the jury, under instructions of law from the court, should unquestionably find that such original presumption of innocence had in fact been overcome."

In *Thurman* v. *State,* 14 *Ga. App.* 543 (6) (81 S. E. 796), cited in the *Kelly* case, this court said: "It is well settled that the failure of the trial judge to charge the jury in a criminal case to the effect that the defendant entered upon his trial with the presumption of innocence in his favor, and that this presumption of innocence remains with him until overcome by proof satisfying the jury of his guilt beyond a reasonable doubt, is reversible error. Coffin *v.* U. S., 156 U. S. 432 (15 Sup. Ct. 394, 39 L. ed. 481); *Reddick* v. *State,* 11 *Ga. App.* 150 (74 S. E. 901); *Butts* v. *State,* 13 *Ga. App.* 274 (79 S. E. 87)." This assignment of error is meritorious and requires the grant of a new trial.

(*b*) With reference to count 2, the court charged: "It's also a violation of the law of this State for any person to operate a motor vehicle in any manner, any such manner, as would be dangerous to the safety of persons or property. Now gentlemen, that's the law as the Court understands it." This is an erroneous charge of the law as applied to count 2 of the accusation. The statutory provisions are, among other things: "It is a violation of the law of this State for any person to drive a motor vehicle upon a street or highway in this State in such a manner as to be in wilful or wanton disregard of the safety of persons or property." What the trial court charged and the provisions of the statute are separate and distinct propositions, as one may observe by reading

the excerpt from the charge in relation to the statutory provisions as to this law. This assignment of error is meritorious and requires a reversal of the lower court.

The court erred in not sustaining the motion for new trial as to each of the special grounds.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 20, 1953.

*Dan L. Lanier,* for plaintiff in error.
*L. C. Anderson, Solicitor,* contra.