## 27977. GREEN v. THE STATE.

SUBMITTED JUNE 1, 1973 — DECIDED JULY 2, 1973.

*Adams, O'Neal, Hemingway & Kaplan, Manley F. Brown, H. T. O'Neal, Jr.,* for appellant.

*Joseph B. Duke, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.

GRICE, Presiding Justice. I. G. Green, Jr., was indicted for the murder of Robert Lee "Red Cap" Murry by the Grand Jury of Wilkinson County and was tried, convicted and sentenced to life imprisonment in the superior court of that county. He appeals from the judgment of

conviction and sentence and from the order overruling his motion for new trial.

■ The motion for new trial was not amended and is based solely upon the general grounds. The record reveals that the evidence clearly supports the verdict.

One witness testified that he was the owner of the Glo Oil Service Station in Gordon, Georgia; that on the day the offense was committed the deceased came to his station to pay him some money that he owed him; that the appellant and a woman companion drove up in a pickup truck; that "somebody" called the deceased and "He went around I. G.'s truck" to the driver's side; that the deceased then staggered back towards the witness and his employee; that when the employee "said, 'Man that son of a bitch cut you?' he said 'Uh, Uh, two times', and went down and we tried to hold him and couldn't hold him and he went on down"; that the appellant drove off and was stopped by the police a short distance down the street.

There was testimony from the employee and other witnesses to the incident that the deceased had no weapon in his hands at the time; that his hands were by his side and he made no motion with them; and that when the deceased walked up to the appellant's truck, "the woman said, 'Go around on the other side.' And when he went around on the other side I saw a scuffle and Red Cap staggered back over there to Lee and when I got a hold of him he fell."

A police officer testified that he stopped the appellant's truck approximately 200 feet from the scene; that when he asked him for his knife the appellant handed him a small pocket knife; that there was no blood on that knife; that he then searched the appellant, advised him of his rights and placed him in the patrol car; that at that time he asked Willie Mae Jackson, who was in the truck with the appellant, to dump the contents of her pocketbook on the patrol car, which she did, holding on to the bottom of

the pocketbook; that he asked her if she had anything in it and she stated "no" and shook it again; that the other officer then said, " 'There's a gun Joyner.' And I reached and got the gun and the purse and reached in it and got a long knife out, approximately twelve inches long"; and that this knife "had blood on it from the tip up to about half way of the blade."

The doctor who examined the deceased's body in the hospital emergency room where he was taken stated that he had two through and through lacerations to his anterior chest wall, about an inch and a half in length down through the muscles into the lung cavity; and that these "immediately collapsed both lungs. He had nothing to breathe on and he was dead."

Willie Mae Jackson, a witness called by the appellant, swore that she was with the appellant and the deceased pulled a knife and threatened the appellant; that the deceased called them into the station when they were driving by; and that the appellant got out of the truck and the deceased "cut him on the arm twice, and he was after I. G. and I. G. stabbed him twice." However, the testimony of this witness was shown to be in conflict with previous testimony given by her at the commitment hearing.

The appellant made an unsworn statement which was substantially the same as the testimony of Willie Mae Jackson.

It is clear from the above evidence that the trial court did not err in overruling the appellant's motion for new trial upon the general grounds.

■ The appellant enumerates as error two charges given by the trial court.

In regard to a verdict of voluntary manslaughter, the trial court charged as follows: "If you believe that this defendant did kill the deceased and did kill him unlawfully and intentionally, but in doing so he was not actuated by malice, as I have defined it to you, either

express or implied, but you believe that he was actuated by that sudden impulse or passion supposed to be irresistible, *which was not justifiable,* about which I have just charged you, your verdict should be one for voluntary manslaughter." (Emphasis supplied.)

The appellant contends that the emphasized words in the above charge added an additional element not required by law to the circumstances necessary to reduce murder to manslaughter which in effect put the burden of proof upon the defendant.

The trial court also charged as follows in regard to the concept of reasonable fears: "I further charge you that a bare fear of any of the offenses just enumerated to you, a bare fear that any of these was about to be committed upon the defendant would not justify the killing. The fears that justify a killing in Georgia are the fears of a reasonable man, a reasonably courageous man."

The appellant argues that this is an incomplete charge in connection with the defense of self-defense and was harmful, prejudicial, reversible error.

The record reveals that the appellant made no specific written requests to charge. No objections to the two charges as given were made upon the trial and they were not alleged as error in the motion for new trial.

Therefore, unless these charges were harmful as a matter of law and failed to provide the jury with the proper guidelines for determining guilt or innocence, this enumeration of error attempting to raise a question for the first time upon appeal presents nothing for review. *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397); *Parks v. State,* 230 Ga. 157, 158 (195 SE2d 911).

The trial court here charged the code section defining the offense of voluntary manslaughter. Ga. L. 1968, pp. 1249, 1276 (Code Ann. § 26-1102). In our view, the portion of the first charge cited as error by the appellant does not impose any proof of an additional element of this offense, as contended. Rather, it would have enured to his benefit.

The complaint as to the charge on reasonable fears is likewise without merit. When the portion enumerated as error is considered with the entire charge given by the court here, it is as complete as that found in *Fudge v. State,* 190 Ga. 340, 343 (9 SE2d 259), which the appellant claims is the proper charge in this respect.

We find no error.

*Judgment affirmed. All the Justices concur.*