## 48804. REED v. THE STATE.

CLARK, Judge. Among various enumerations of error the principal question for decision presents a first impression case: When the evidence in a criminal case warranted a charge on the law of entrapment, was the trial judge correct in failing to charge in conjunction with its instruction of the law on that subject that the prosecution must carry the burden to prove beyond a reasonable doubt that such entrapment did not exist?

This appeal is by a defendant found guilty of violation of the Georgia Drug Abuse Control Act. At the trial defendant admitted that a sale of marijuana took place but argued defendant to have been entrapped. The trial court instructed the jury as to the law on entrapment but omitted stating whether the defendant or the state had the burden of proof on the entrapment issue. Defense counsel then objected to the charge contending the jury should be instructed that the state had to prove that entrapment did not exist. Such objection was overruled. This was claimed to be error in defendant's amendment to a motion for new trial which also contained other alleged errors. This appeal is from the overruling of the new trial motion.

1. The trial court instructed the jury thusly as to the law of entrapment: ". . . I charge you that a person is not guilty of a crime if by entrapment his conduct is induced or solicited by a government officer or employee or agent of either for the purpose of obtaining evidence to be used in prosecuting the person for the commission of a crime. Entrapment exists where the idea and

intention of the commission of the crime originated from the Government officer or employee or agent of either and he, by undue persuasion, incitement or deceitful mean [sic] induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." The court then charged: "Now Lady and Gentlemen of the Jury, if you believe beyond a reasonable doubt that this Defendant on or about the date alleged in the bill of indictment or within four years prior to the dating, finding and returning of this bill of indictment into Court did commit the offense of violation of the Georgia Drug Abuse Control Act as alleged in the bill of indictment and as defined to you by the Court, then you would be authorized to find this Defendant guilty as charged. On the other hand, if you do not believe that he is guilty or if you have a reasonable doubt as to his guilt, then it would be your duty to give the Defendant the benefit of the doubt and to acquit him." (T. 82, 83).

It will be observed that the trial court's instruction satisfied substantially the provisions concerning entrapment as appears in Code Ann. § 26-905. While our appellate courts have passed upon various aspects of the entrapment defense we have not heretofore been confronted with the issue of allocation of the burden of proof in such a case. See *McKibben v. State,* 115 Ga. App. 598, 599 (155 SE2d 449) where a number of entrapment decisions are cited. Therefore, we have sought our answer through a study of the Federal decisions which have considered this question. We have concluded from the logic and reasoning of these Federal opinions that the court erred in failing to instruct the jury as counsel urged.

Two federal cases are similar to the case at bar in that the trial court made no attempt to allocate the burden of proof on the issue of entrapment. In United States v. Landry, 257 F2d 425 (7th Cir. 1958) it was ruled that where the district court failed to instruct the jury as to the burden of proof on entrapment, the defendant was prejudiced and a new trial should be granted. "[W]here the record presents a close question on the issue of entrapment, we think the jury should have been instructed that the burden was upon the government to satisfy the jury beyond a reasonable doubt that the defendant was not entrapped into committing the acts alleged which, absent entrapment, con-stituted the offenses." Id., p. 430. In Pratti v. United States, 389 F2d 660 (9th Cir. 1968) the ninth circuit also held that the court's failure to specifically charge on the burden of proof as to

entrapment was reversible error.

Furthermore, in two recent decisions the Fifth Circuit voiced approval of a charge placing upon the government the burden of disproving entrapment beyond a reasonable doubt. United States v. Groessel, 440 F2d 602 (5th Cir. 1971) and United States v. Banks, 475 F2d 1367 (5th Cir. 1973).

Of the federal decisions which have dealt with the question presented herein, Notaro v. United States, 363 F2d 169 (9th Cir. 1966) has been most persuasive. In this opinion the court examined the impact of an entrapment charge upon the lay minds of the jury. In Notaro the ninth circuit dealt with a charge which attempted to instruct the jury on the entrapment-burden issue. The first portion of this charge conveyed to the jury that the defendant would not be entitled to an acquittal if it should find that he was ready and willing to commit the offense when and if the opportunity was offered; and that the government did no more than to offer that opportunity. This portion was recognized as proper. However, the very next paragraph was ruled to have improperly laid the burden of proof on the defendant. The district court "pointed directly to the elements of the defense itself, emphasizing that if the appellant 'had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government,' then he was entitled to acquittal." Id., p. 175. Such a charge, the appellate court held, would probably serve to confuse the jury. "[A]bsent enlightment as to the burden of proof, [it] could . . . have created the impression in lay minds that the appellant carried the burden as to the positive elements of his defense." Id., p. 176.

In the case sub judice, the trial court properly instructed the jury as to the substantive law of entrapment. On the heels of this instruction, however, the court charged the jury as to the burden of proof generally in a criminal prosecution: "if you believe beyond a reasonable doubt that this defendant . . . did commit the offense of violation of the Georgia Drug Abuse Act . . . then you would be authorized to find this Defendant guilty as charged." This charge is both insufficient and prejudicial to the defendant for while it may not shift the burden of proof to the defendant as blatantly as the charge given in Notaro it is equally capable of confusing the jury.

The defendant who interposes an entrapment defense may not controvert the allegations of the indictment. *McKibben v. State,*

115 Ga. App. 598, 600 (155 SE2d 449). In order to raise the question of his predisposition to commit the crime, therefore, the defendant does not take issue with the state's assertion that he did commit the alleged acts. To a lay jury, unfamiliar with all the elements of a particular crime, the defendant's conviction is authorized because he "did commit the offense of violation of the Georgia Drug Abuse Act." Thus a separate instruction on the burden of proof on the entrapment issue is necessary for the jury to be properly informed as to the weight of the evidence on entrapment, or on the accused's propensity to commit the crime.

2. In reply to the state's contention that the general instruction on the burden of proof eliminates the need for a separate instruction, we reiterate that a lay mind may not interpret that instruction as applying to all the elements of the crime. Rather than lessen the possibility that the jury was confused as to the burden of proof, the general instruction augmented that possibility. We cannot assume that the jury carried the import of the general instruction into each and every element of the offense. Notaro v. United States, 363 F2d 169, supra, p. 176. Thus the courts should charge that the prosecution should prove all of the elements of the alleged crime, including the lack of entrapment, beyond a reasonable doubt.

3. In reaching our decision consideration was given to our Georgia Supreme Court decisions which passed upon the sufficiency of jury charge in cases where alibi and insanity defenses were raised. On alibi, see e.g., *Trimble v. State,* 229 Ga. 399 (191 SE2d 857) in which our Supreme Court approved a charge that alibi should be established to the reasonable satisfaction of the jury and not beyond a reasonable doubt. As to insanity as a defense see *Clark v. State,* 224 Ga. 311 (1) (161 SE2d 836) wherein the Supreme Court ruled that "In view of the defense of insanity made under the general plea of not guilty the burden was upon the defendant, *under the presumption of sanity,* to show by a preponderance of the evidence, but not beyond a reasonable doubt, that he was not criminally responsible. . ." (Emphasis supplied.)

From our scrutiny, we have concluded that these defenses of alibi and insanity are not analogous to the defense of entrapment. In an alibi defense, defendant denies his presence at the scene of the crime and therefore he necessarily refutes all elements of the offense for which he is charged. In asserting an entrapment defense, however, as we have heretofore indicated, accused

admits the commission of the offense while denying that he was inclined to commit the offense before the intervention of the law enforcement agent. The accused must choose, therefore, where the evidence may present a case of entrapment, whether to assert the entrapment defense, thereby admitting the other elements of the crime. If he decides to assert this defense he is placed in a precarious position. Thus it is necessary that the jury be fully and meticulously informed that the defendant has the benefit of the doubt as to every aspect of the alleged offense, and that the state must prove, beyond a reasonable doubt, that the defendant was not entrapped—i.e. he was predisposed to commit the crime.

In the defense of insanity, the defendant must show by a preponderance of the evidence that he was not criminally responsible for his acts in order to rebut the presumption of sanity. *Clark v. State,* supra. See also *Grace v. State,* 231 Ga. 113 (200 SE2d 248) (3 Justices dissenting) and note especially the special concurrence of Justice Jordan. No such presumption faces the accused who defends on the grounds of entrapment.

Therefore, neither of the lesser charges approved for the alibi or insanity defenses are appropriate to the defense of entrapment raised in the case at bar.

The trial court committed prejudicial error in failing to instruct the jury that the state had the burden of proof on the question of entrapment.

4. The state contends defendant may not enumerate the court's charge as error because defense counsel did not submit a written request for charge in compliance with Code Ann. § 70-207. See *Dixon v. State,* 224 Ga. 636, 638 (3) (163 SE2d 737). We do not agree. While Code Ann. § 70-207 (b) requires that requests for charge be submitted in writing, counsel may preserve an issue as to the correctness of a given charge by oral objection, for "present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, 1072, 1078; Code Ann. § 70-207)." *Spear v. State,* 230 Ga. 74, 75 (1) (195 SE2d 397). Sub judice, counsel made timely objection to the charge as given. The objection was made prior to the jury's verdict, and it adequately specified the error complained of. This objection was sufficient to preserve the error for appeal.

5. Defendant's second enumeration of error is that the trial court abused its discretion in unilaterally altering the transcript of the

charge to the jury. In support of his contention defendant relies on *Bank of Tupelo v. Collier,* 192 Ga. 409 (15 SE2d 499) and similar cases which, he asserts, hold that the court may not make changes in its records unless such changes conform with facts which appear therein. An examination of these cases, however, reveals that they apply to the corrections of judgments, not transcripts. See also, *Foster v. Allen,* 201 Ga. 348 (40 SE2d 57) and *Allen v. Community Loans &c. Corp.,* 78 Ga. App. 611 (51 SE2d 872).

Our legislature has endowed the trial judges of this state with the power to change or correct transcripts prepared by the court's reporter. Code Ann. § 24-3105. The trial court did not err therefore in amending the transcript. In so ruling, we do not foreclose the future enumeration of such changes as error, where the trial court has unequivocally abused its right of amendment. Such abuse was not shown here.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED JANUARY 28, 1974.

*Sexton & Skidmore, Timothy N. Skidmore, Gerald L. Talansky,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley,* for appellee.