### 49874. McNEILL v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted in 3 counts for the violation of the Uniform Narcotic Drug Act. The jury returned a verdict of guilty on all 3 counts and sentenced the defendant to 15 years on each of the 3 counts to run consecutively. The defendant's amended motion for new trial was overruled and an appeal taken to this court. *Held:*

1. The defendant's 7th enumeration of error contends that the court erred in charging the jury on the question of entrapment (Code Ann. § 26-905; Ga. L. 1968, pp. 1249, 1274), by failing to further instruct the jury the burden of disproving entrapment beyond a reasonable doubt was upon the state.

The trial judge gave a full and complete instruction to the jury on the question of entrapment. He followed this portion of the charge with a general charge on the basic principles of reasonable doubt and as to the burden of proof being upon the state in a criminal prosecution.

In *Reed v. State,* 130 Ga. App. 659, 661, 663 (204 SE2d 335), this court held that a similar charge under almost identical circumstances was prejudicial and confusing to the jury. It was there pointed out: "It is

necessary that the jury be fully and meticulously informed that the defendant has the benefit of the doubt as to every aspect of the alleged offense, and that the state must prove, beyond a reasonable doubt, that the defendant was not entrapped—i.e. he was predisposed to commit the crime." P. 663. Following the principles set forth in that case we therefore hold that the failure to specifically charge that the burden was on the state to prove beyond a reasonable doubt that the defendant was not entrapped constituted reversible error.

2. We have examined the remaining enumerations of error and find them either to be without merit or unlikely to recur upon a retrial of this case.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED JANUARY 21, 1975 — REHEARING DENIED FEBRUARY 20, 1975 —

*John Fleming, Bobby G. Beazley,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.

ON MOTION FOR REHEARING.

By motion for rehearing the state contends that the defendant failed either to request a charge on the burden of proof or to make a proper objection.

The *Reed* case, 130 Ga. App. 659, 663 (204 SE2d 335), held: "The trial court committed prejudicial error in failing to instruct the jury that the state had the burden of proof on the question of entrapment." The decision was predicated on the failure by charge to provide the jury with proper guidelines. See *Green v. State,* 230 Ga. 756, 759 (2) (199 SE2d 199). Any language in the *Reed* case implying that an objection was therefore necessary must be considered as obiter dictum. See Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078).

*Motion for rehearing denied.*