## 50745. WEBB v. THE STATE.

PANNELL, Presiding Judge.

Appellant was indicted for the offense of violation of the Georgia Drug Abuse Act in that on the 25th day of August, 1973, she did unlawfully possess, sell and have under her control amobarbital and amphetamine drugs. At the trial, appellant asserted entrapment as a defense. She was convicted and sentenced to 12 months confinement and fined $1,000. Appellant appeals the judgment, sentence, and denial of motion for new trial. *Held:*

1. Appellant assigns as error the entering of a judgment of conviction and imposition of sentence pursuant thereto. She contends that the evidence established that she was entrapped, and therefore, she was not guilty of the offense charged. Code § 26-905. The evidence was sufficient to authorize the jury to find that appellant acted under her own volition. " 'A suspected *person may be tested by being offered an opportunity to transgress in such a manner as is usual therein but may not be put under extraordinary temptations or inducements.*' " *Sutton v. State,* 59 Ga. App. 198, 199 (200 SE 225). The evidence supported a finding that there were no extraordinary temptations or inducements.

2. For the above reasons, the court did not err in overruling defendant's motion for directed verdict.

3. Appellant alleges error in the failure of the trial

judge to charge the jury that the prosecution must carry the burden of proving beyond a reasonable doubt that the entrapment did not exist. This court held in *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335) that when the evidence in a criminal case warrants a charge on the law of entrapment, the trial judge should charge the jury that the prosecution must carry the burden of proving beyond a reasonable doubt that such entrapment did not exist. Following the principles set forth in *Reed,* this court held in *McNeill v. State,* 134 Ga. App. 45 (213 SE2d 119), that the failure to specifically charge that the burden was on the state to prove beyond a reasonable doubt that defendant was not entrapped constituted reversible error. The Georgia Supreme Court reversed the *McNeill* case, holding that it was not error to fail to instruct the jury that the state must prove entrapment beyond a reasonable doubt; entrapment is an affirmative defense, and the burden is on the defendant. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281).

Reed v. State, supra, and State v. McNeill, supra, being in conflict, we must follow the decision of the Supreme Court. Accordingly, the trial court committed no error in failing to charge that the prosecution must carry the burden of proving beyond a reasonable doubt that entrapment did not exist.

4. If there was error in the admission of the pills, allegedly sold by appellant, into evidence, it was harmless. A "[d]efendant who interposes an entrapment defense may not controvert allegations of the indictment." *Reed v. State,* supra, p. 661. When the accused asserted entrapment, she admitted that she had committed the offense charged but contended she would not have done so without the intervention of law enforcement.

5. Appellant alleges error in the court's imposing any sentence of confinement. The jury returned the following verdict: "We, the jury, fix sentence at *0 years* and a $1,000.00 fine. We recommend misdemeanor punishment." The trial judge then imposed a sentence of 12 months imprisonment and a $1,000 fine. Code § 26-3101 states that the trial judge *may* follow the recommendation of the jury where the jury recommends

misdemeanor punishment. "[T]he determination of what punishment is to be imposed in honoring a recommendation of punishment as for a misdemeanor in connection with a felony conviction is exclusively for the court and is not within the province of the jury. . ." *Sawyer v. State,* 112 Ga. App. 885, 890 (147 SE2d 60). Accordingly, it was not error for the trial judge, in accepting the jury's recommendation that the defendant be punished as for a misdemeanor, to sentence the appellant to 12 months confinement and a $1,000 fine.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED MAY 28, 1975 — DECIDED SEPTEMBER 24, 1975 — REHEARING DENIED OCTOBER 9, 1975 — 

*Byrd, Groover & Buford, Denmark Groover, Jr., Frank H. Childs, Jr., Alfred D. Fears,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.