51387. MOON v. THE STATE.
51388, 51389. COOGLER v. THE STATE (two cases).

DEEN, Presiding Judge.

Each of these cases involves a trial and conviction on indictment charging possession and sale of drugs in violation of the Georgia Controlled Substances Act. Each case involves a different transaction, but since the enumerations of error raise the same issues they are here considered together.

1. The court instructed the jury: "Our law provides that every person charged with a criminal offense is presumed innocent. The law further provides that no person shall be found guilty of any crime unless each and every element of the crime shall be proved to the satisfaction of the jury beyond a reasonable doubt. A defendant, where a criminal charge is brought against him, is not required to prove his innocence. The burden is always upon the state to prove the guilt of the accused beyond a reasonable doubt." In *Reddick v. State,* 11 Ga. App. 150 (4) (74 SE 901) and *Butts v. State,* 13 Ga. App. 274 (1) (79 SE 87), convictions were reversed because no mention was made of the presumption of innocence in favor of the defendant. This distinction was drawn in *Payne v. State,* 233 Ga. 294, 309 (210 SE2d 775) where the instruction, "Every person is presumed innocent until proved guilty. No person shall be convicted of a crime

unless each element of such crime is proved beyond a reasonable doubt" was approved as against the objection, also urged here, that under *Reddick* the court would be required to add that "the presumption remains with defendant throughout the trial and until his guilt is established by proof." Both instructions, the Supreme Court held, are substantially to the same effect. To the same effect see *Hayes v. State,* 18 Ga. App. 68 (4) (88 SE 752). We do not imply that a request to charge in the language of *Reddick* or of *Brock v. State,* 91 Ga. App. 141, 142 (85 SE2d 177) should be ignored, but only that in the absence of such request the case will not be reversed because the exact language there used is not repeated.

2. Each indictment charged possession *and* sale of a contraband substance. In each case the court failed to charge on possession alone, but instructed the jury that if they found beyond a reasonable doubt that the defendant was guilty of selling the drug they would be authorized to enter a verdict of guilty of selling; otherwise they would not be authorized to find him guilty of anything. The objection of course is that possession is a lesser included offense, and failure to charge in relation to it was error. We have carefully examined the evidence in each case, and are satisfied that under no state of facts appearing in the record could any of the defendants have been convicted of possession alone except for possession of the quantities of drugs which were in fact the subject of the sales charged. We are further satisfied that the sales made by Moon and Coogler were for their own benefit and that these defendants were not acting as agents of the undercover officers purchasing them. This being so, the ruling in *Manis v. State,* 135 Ga. App. 71 (2) (217 SE2d 396) would control: "Here, as in *State v. Estevez,* 232 Ga. 316 (206 SE2d 475), the evidence required to convict of illegal sale was the only evidence showing possession; and as held in *Estevez,* the illegal possession was included in the illegal sale so that punishment could be meted out only for the illegal sale. In accordance with *Estevez, Atkins v. Hopper,* 234 Ga. 330 [216 SE2d 89], and *Johnson v. State,* 130 Ga. App. 134 (202 SE2d 525) we hold that portion of the sentence attributable to possession void and reverse the conviction and sentence under Count 1 with

direction to set it aside as barred by conviction and sentence under Count 2." Of course, it is only where, as here, a finding is demanded that if the defendant possessed any quantity of the proscribed drug that quantity was also the subject of a sale, that the court can withdraw from the jury's consideration the question of *mere* possession. Where there is any doubt, as where possession is shown by evidence aliunde disputed evidence of sale, both crimes must be given jury consideration. Equally, the court must beware of a double conviction and punishment where possession is merged in the sale. The instructions here were proper under the evidence.

3. In complaining of the instructions regarding entrapment (which are otherwise admittedly correct) the appellants contend that the trial court should have charged on reasonable doubt in the language of *Reed v. State,* 130 Ga. App. 659, 661, 663 (204 SE2d 335). This court followed *Reed* in reversing *McNeill v. State,* 134 Ga. App. 45 (213 SE2d 119), and this was the subject of a reversal in *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) where the Supreme Court held: "The jury was fully apprised of the state's burden of proof in this case and it was not error to fail to specifically charge the jury that the state had the burden of proving that the defendant was not entrapped."

4. An informer named Winters lived back of the service station where the defendant Coogler worked, according to the latter's testimony. Winters introduced Coogler to two undercover agents who Winters told him were drug dealers for whom he worked. The judge made two remarks during cross examination which are contended to be an impermissible expression of opinion. At one point he asked where Winters worked. At another point, when Coogler said he did not know why Winters would think he had marijuana for sale, the judge said, "Well, anyway he went in there. Do you know why he would come to see you?" What may not be done, under Code § 81-1104, is to intimate an opinion as to what has been proved, or as to the guilt of the accused. The statement of an undisputed fact is not proscribed. *Abbott v. State,* 91 Ga. App. 380 (3) (85 SE2d 615). The mere

questioning of a witness is also within his prerogative. *Wheeler v. State,* 220 Ga. 535 (3) (140 SE2d 258). The two questions to which objection was made were in fact quite proper.

*Judgment affirmed in each case. Evans and Stolz, JJ., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 18, 1975 — REHEARING DENIED DECEMBER 4, 1975 —

*Alfred D. Fears, Richard G. Milam, Denmark Groover,* for appellants.

*Edward E. McGarity, District Attorney, Hal Craig, Assistant District Attorney,* for appellee.