## 51690. COOK v. THE STATE.

DEEN, Presiding Judge.

The defendant in this criminal case appeals his conviction for robbery by intimidation. We affirm.

1. The defendant's first enumeration goes to the general grounds. We have carefully and thoroughly examined the transcript and find that the evidence adduced on this trial authorized the verdict of guilty.

2. The second enumeration of error goes to the trial judge's refusal to allow a voir dire question concerning robbery training courses to be asked of a bank employee. The question was not within the scope of Code § 59-705 and was properly disallowed by the trial judge. *Freeman v. State,* 132 Ga. App. 615 (208 SE2d 625).

3. The defendant urges error was committed by the trial judge's failure to charge that the prosecution must prove all of the elements of the alleged crime, citing *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335). The *Reed* decision held that when the evidence in a criminal case warranted a charge on the law of entrapment, the trial judge must instruct that the state bore the burden of proof of this issue also. This position was rejected by the Supreme Court in *State v. McNeill,* 234 Ga. 696 (217 SE2d 281), reversing 134 Ga. App. 45 (213 SE2d 119). The reversal of *McNeill* necessarily results in a disapproval of *Reed.* The defendant in the case sub judice offered the defense of alibi; the charge on the law of alibi was adjusted to the evidence and was a correct statement of the law, placing the burden of proof upon the state to prove that the defendant was, beyond a reasonable doubt, the perpetrator of the crime. *Patterson v. State,* 233 Ga. 724 (7) (213 SE2d 612). There was no error in the charge.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED JANUARY 28, 1976.

*Tate & Kreeger, George H. Kreeger,* for appellant.
*George W. Darden, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.