## 53069. MYERS v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of selling phencyclidine in violation of the Georgia Controlled Substances Act. He contends that the trial court erred in denying his motion for directed acquittal on the grounds of unlawful arrest and entrapment. *Held:*

1. The sale of the phencyclidine to an undercover police officer was shown to have occurred on January 29, 1976. Defendant was arrested for this offense by the same officer on March 3, 1976. Following arrest, he was indicted by the grand jury and convicted by jury. Even assuming this warrantless arrest was unlawful, which we do not decide, it would not vitiate the conviction. *Blake v. State,* 109 Ga. App. 636 (2) (137 SE2d 49).

2. As to entrapment, there is not the slightest evidence defendant was entrapped. The police officer testified that he purchased the substance from defendant. Defendant in his own testimony denied making any sale to this officer. Defendant cannot raise the issue of entrapment by denying that he made the sale. *Reed v. State,* 130 Ga. App. 659, 661 (204 SE2d 335).

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED NOVEMBER 1, 1976 — DECIDED NOVEMBER 18, 1976 — REHEARING DENIED DECEMBER 2, 1976 — 

*Frank R. Cullum,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Lionel E. Drew, Jr., Robert M. Hitch, III, Assistant District Attorneys,* for appellee.