*Assistant District Attorney,* for appellee.

## 63321. BUFORD v. THE STATE.

BIRDSONG, Judge.

This appeal is from the retrial of the case we decided in *Buford v. State,* 158 Ga. App. 763 (282 SE2d 134). The jury returned a verdict of guilty on five counts of possession of marijuana, delivery of marijuana, distribution of marijuana, possession of marijuana with intent to distribute and criminal trespass. Appellant enumerates nine errors. *Held:*

1. Appellant contends the trial court erred in denying appellant's motion for continuance, but we find no error. This case was retried in the July 1981 term of superior court, after our May 1981 decision in *Buford,* supra. At the retrial, the Drug Enforcement Administration (DEA) produced the material sought by subpoena (see *Buford,* pp. 764-765). However, appellant contends he did not receive a certain operations manual referred to in the material he requested and received, and did not receive confidential informant debriefing statements referred to in the produced documents; that these would have been produced under appellant's Freedom of Information Act request filed immediately before trial in July 1981; and that the trial court erred in denying a continuance until this information was obtained under the Freedom of Information request.

In the first place, the appellant through this same counsel sought this same listed material fully a year before this trial (*Buford,* supra, p. 765), but gives no reason why this request was not pursued, and therefore we do not accept his contention that the trial court should have continued this trial on grounds that an identical request made a few days before this trial could not be acted upon. In the second place, appellant has not shown that these documents would have been produced under the Freedom of Information Act. And finally, we do not intend to establish a new obstacle to speedy trial (see *State v. Lively,* 155 Ga. App. 402 (270 SE2d 812)) or a new constitutional mandate of discovery, by permitting reliance on Freedom of Information requests to postpone trials. Any material evidence obtainable under the Freedom of Information Act is insured under existing criminal discovery methods and the guaranteed right to process. See *Buford,* supra, p. 767. Sufficient avenues and safeguards of discovery already exist for the defendant to find out what he needs to know in a criminal case. In *Buford,* supra, p. 768 (2), we held that it was error to deny appellant's motion for continuance based on his

requests under the Freedom of Information Act, only because the appellant had been erroneously denied discovery by subpoena. If he was denied any other aspect of this discovery by subpoena on the retrial of the case, his remedy is to show error on that account (see Division 2). The trial court did not err in denying appellant's motion for continuance based on his request under the Freedom of Information Act.

2. Appellant contends the trial court erred in failing to direct the DEA to comply fully with the subpoena served by the appellant. Following our decision in *Buford,* supra, the DEA did produce the material requested by the appellant. However, appellant contends that the DEA failed to provide two documents which he did not subpoena but which were referred to in the material produced, and that the trial court erroneously found that the items produced by the DEA met the requirements of the subpoena. The state replies on appeal that the trial court properly ordered the DEA to furnish only the documents that he subpoenaed. We do not reach any issue as to whether the trial court should have ordered discovery of documents merely referred to in subpoenaed material, because the appellant has shown no harm in any case. See *Barnes v. State,* 157 Ga. App. 582, 587 (277 SE2d 916). Even if we assume that the subpoena required production of these documents, appellant has not shown that the documents were demonstrably relevant and material to the defense (*Buford,* supra, p. 767).

3. The trial court did not err in restricting appellant's voir dire examination under the rule in *Bennett v. State,* 153 Ga. App. 21, 25-26 (264 SE2d 516). It makes no difference that the law enforcement officer whose credibility influence appellant sought to question the jurors about was under federal indictment (later dismissed) for "planting" marijuana aboard the crashed plane in this case. Surely the appellant is not suggesting that a person who is under criminal indictment is inherently unworthy of belief and that this fact justifies an invasion of the jury's right to determine witness credibility that would otherwise be improper.

4. Appellant contends the trial court's sentencing of appellant on the counts of possession of marijuana, delivery of marijuana, distribution of marijuana, and possession of marijuana with intent to distribute, is multiple punishment for the same offense and is prohibited under Code Ann. § 26-506. Delivery of marijuana and distribution of marijuana are both distinct violations of Code Ann. § 79A-811 (b); they are not included but each may be committed exclusive of the other. The difference between them is one of kind and not merely one of degree (see Code Ann. § 26-506 (a) (2)). However, the offenses of possession of marijuana (Code Ann. § 79A-811 (a)),

and possession with intent to distribute (Code Ann. § 79A-811 (b)) are under the facts in this case included in the offenses of delivery and distribution of marijuana. The possession charge was for 2-1/2 ounces of marijuana residue found on the airplane; the possession with intent to distribute charge was for an amount in excess of 2-1/2 ounces, the bulk of the marijuana transported on the plane. The evidence of distribution and delivery was the same as that for possession and possession with intent to distribute; the marijuana was possessed as the subject of the delivery and distribution offenses. *State v. Estevez,* 232 Ga. 316 (206 SE2d 475); *Howard v. State,* 144 Ga. App. 208 (1) (240 SE2d 908); *Moon v. State,* 136 Ga. App. 905 (222 SE2d 635). The conviction and punishment for possession and for possession with intent to distribute are stricken.

5. Appellant contends the trial court erred by making prejudicial comments upon the evidence adduced at trial. We find no reversible error. Whether or not the trial judge in questioning a witness as to an apparent discrepancy in her testimony offended Code Ann. § 81-1104, which forbids him "to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused," the appellant failed to object and failed to ask for curative instruction or mistrial. The appellant as "a tactical decision" allowed this alleged error to stand naked before the jury and has no cause to complain on appeal.

6. Appellant contends the trial court erred in allowing trial of the appellant on charges of criminal trespass. Appellant contends he was entitled to a directed verdict of acquittal as to criminal trespass because he was tried on this charge in July 1979, and a mistrial was declared, and because the district attorney allegedly abandoned the criminal trespass charge in the July 1980 trial. Appellant contends he was "surprised" at this trial of the case when the charge was presented. There is no error. The trial of this charge in 1979 that ended in mistrial is not former jeopardy. Code Ann. § 26-507; *State v. Abdi,* 162 Ga. App. 20 (288 SE2d 772). The state's decision not to prosecute for criminal trespass in the 1980 trial did not constitute a dismissal of the charge, and no formal dismissal was made. The appellant waived formal arraignment in the 1981 trial and cannot complain that he was surprised by the pressing of a charge that had never been formally dismissed. Appellant cites no authority except the constitutional provision prohibiting double jeopardy, and has not persuaded this court of his claims. The evidence in the case authorized a finding that the landing of the plane on Ichaway Plantation was without authority, and appellant was not entitled to directed verdict as to criminal trespass.

7. The trial court did not err in overruling appellant's motion to

disqualify the presiding judge. The motion presented was legally insufficient and the trial court had a duty to deny it, *State v. Fleming,* 245 Ga. 700, 702 (267 SE2d 207). The appellant insisted that the trial judge rule on the motion despite the fact that it was not accompanied by affidavit. (*Fleming,* supra, p. 702), and despite the fact that the trial judge asked for an affidavit before ruling. The record does not show that appellant refiled a proper motion with affidavit attached. We find no grounds for complaint that the motion without affidavit was denied, and no meritorious grounds to claim prejudice in any case.

8. Appellant contends the trial court erred in allowing the testimony of James R. Blackburn, Jr., the pilot of the plane, where Blackburn pleaded the Fifth Amendment in response to certain questions by appellant's counsel on cross-examination. In *Smith v. State,* 225 Ga. 328, 333 (168 SE2d 587), the Supreme Court said: "In determining whether the testimony of a witness who invokes the privilege against self-incrimination during cross-examination may be used against the defendant, a distinction must be drawn between cases in which the assertion of the privilege merely precludes inquiry into collateral matters which bear only on the credibility of the witness and those cases in which the assertion of the privilege prevents inquiry into matters about which the witness testified on direct examination. Where the privilege has been invoked as to purely collateral matters, there is little danger of prejudice to the defendant and, therefore, the witness's testimony may be used against him." Since appellant admitted participation in the transaction and admitted that Blackburn was the pilot, we do not see how Blackburn's refusal to name the other participants prejudiced the appellant on the issue of his own guilt; and the appellant does not show otherwise. The inquiry was as to collateral materials and not as to matters adduced from the witness on direct and incriminatory to the appellant.

9. Appellant was not denied a fair trial, as he contends in his final enumeration of error.

*Judgment affirmed in part and reversed in part in accordance with Division 4 herein. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 3, 1982 —
REHEARING DENIED JUNE 7, 1982 — 

*Del Percilla, Jr., B. Kaye Katz, Thomas W. Malone,* for appellant.

*Gilbert J. Murrah, District Attorney, J. Brown Moseley,*

*Assistant District Attorney,* for appellee.