### 63421. JONES v. THE STATE.

BIRDSONG, Judge.

Roger Jones appeals from his conviction for burglary, rape and aggravated assault. *Held:*

The evidence shows beyond a reasonable doubt that the appellant gained entry into the victim's house by breaking a kitchen window, that he fractured the victim's arm and raped her, that he then stole the victim's television set and purse. A detective who was called to the burglary saw appellant running away with a woman's purse under his arm, and upon capturing the appellant, he found papers in the purse bearing the victim's name. The appellant told the detective he was not carrying a pocketbook, "I just fell on top of it." The appellant had cuts on his right palm and lacerations on his forearm. Blood was found on the broken glass and windowsill of the victim's house. Another detective testified that appellant admitted he broke into the house and threw the lady down on the bed and took her purse and television set. A witness Steve Cagler, himself in jail for burglary, testified that he knew Roger Jones and saw Roger Jones leave the victim's house on the morning of the burglary with a television and a pocketbook.

Even accepting the appellant's statement of the evidence in this case, the evidence is such that a rational trier of fact could reasonably have found the appellant guilty of the crimes charged beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724).

The trial court did not err in examining and instructing the witness Steven Cagler in front of the jury as to his right to refuse to testify and say anything that might tend to incriminate him. We note that the right of a witness in a criminal case to invoke the Fifth Amendment is not unqualified (*Smith v. State,* 225 Ga. 328, 333 (168 SE2d 587); *Buford v. State,* 162 Ga. App. 498 (291 SE2d 256)), but in this case no contention is made that the witness unlawfully invoked the Fifth Amendment and refused to answer questions pertinent to the appellant's guilt. We find no error in advising the witness that he was not compelled to testify. Appellant contends this procedure prejudicially implied to the jury that the witness was placing himself in peril by testifying, so as to give his testimony undue importance. But in fact the advisement, if anything, implies the opposite: that the witness was not imperiled by his testimony but merely was as free to testify, or not testify, as any other witness. Moreover, even if this had

been error, we cannot see how it is harmful to the appellant under the rule in *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) and *Cauley v. State,* 130 Ga. App. 278, 286-288 (203 SE2d 239), because the other evidence in the case is such that it is highly probable that the alleged error did not contribute to the verdict of guilty.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED MAY 4, 1982.

*Clayton Jones, Jr.,* for appellant.
*Hobart Hind, District Attorney,* for appellee.