## 31332. DODSON v. THE STATE.

HILL, Justice.

Donnie Wayne Dodson appeals from an armed robbery conviction and fifteen year sentence imposed by the Gordon Superior Court.

The evidence presented at trial authorized the jury to find that the defendant and his brother, who resembles

the defendant, drove into a service station in Gordon County in a white van on September 24, 1975. While the owner's wife was putting gas in the van, the defendant forced the owner at gunpoint to put $125 and the owner's .38 caliber pistol in a brown bag. As the two men fled in their van the wife noted the license tag number. The robbery was reported to the police and shortly thereafter a white van with the reported license number was stopped. A search of the car revealed a brown bag containing $125 and two guns, one of which was the owner's.

Later that same evening the owner saw the defendant and his brother at the county jail and identified them. At the defendant's trial he was identified by both the owner and his wife as the robber. The jury found the defendant guilty of armed robbery.

1. The defendant contends that the brown bag and its contents were taken from the van in an illegal search and seizure because no search warrant was obtained. There was probable cause to arrest the men in the van and probable cause to search the van for guns and the money. The evidence seized from the van was not inadmissible. Chambers v. Maroney, 399 U. S. 42, 52 (90 SC 1975, 26 LE2d 419) (1970).

2. The defendant argues that the "show-up" at the Gordon County jail at which the service station owner identified the defendant was so impermissibly suggestive as to taint the in-court identification. Under the totality of the circumstances we do not find the show-up to be impermissibly suggestive. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972).

3. Defendant enumerates as error the absence of counsel at the show-up. This was not error because adversary judicial criminal proceedings had not yet begun. Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411) (1972). There having been no motion to suppress or objection to the identification testimony, any preliminary judicial determination required by Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967), was unnecessary here.

4. The owner of the service station and his wife identified the defendant as a participant in the robbery at a preliminary hearing and again at trial. At the

preliminary hearing the victims were shown a picture of the brother. Apparently they were confused as to which brother was at the hearing and which one was in the picture. The defendant uses this confusion on the part of the elderly victims as a basis for arguing that the prosecution knowingly used perjured testimony at trial. He also argues ineffective assistance of counsel based on the failure of the defendant's trial counsel to impeach the eyewitnesses by use of the transcript of the preliminary hearing to show the prior identification of the picture of the brother. In addition, he argues that the prosecutor's objection to defense counsel's cross examination had the effect of concealing the alleged perjury of the witnesses.

We disagree with these arguments. The transcripts do not support the proposition that there was perjury on the part of the victims, nor does our examination show ineffective assistance of counsel. Trial counsel adequately cross examined the victims as to the identity of the defendant and his brother without use of the earlier transcript. His decision not to refer to the transcript does not show ineffective assistance of counsel.

5. Finally the defendant contends that the court erred in failing, without request, to charge the jury on the general definition of a crime (Code Ann. § 26-601), and that intention is a question of fact and will not be presumed (Code Ann. § 26-605). The charge given to the jury defined the crime charged, armed robbery. The court instructed the jury that mere presence at the scene of a crime, without participation, will not authorize a conviction, and explained the requirement of intent of a party to participate in a crime. We find no error.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

Submitted July 9, 1976 — Decided September 8, 1976 — Rehearing denied September 28, 1976.

*William Ralph Hill, Jr.,* for appellant.
*David N. Vaughn, Jr., District Attorney, Charles Crawford, Assistant District Attorney, Arthur K. Bolton,*

*Attorney General,* for appellee.