## 37049. EVANS v. THE STATE.

JORDAN, Chief Justice.

The appellant was convicted of the murder of Hubert Lawrence, a male friend of his former girl friend, and sentenced to life in prison. He appeals.

While the testimony is conflicting in some details, it would authorize the jury to find that the appellant had come from a neighboring county with the intention of spending a Saturday night with his former girl friend. When he arrived at her home he found Lawrence and another male there. After spending a few minutes inside drinking beer, appellant went to his truck and got his rifle. Returning to the house, he found the door locked. A shot was fired into the door. The door was opened and the victim and the other male ran out the back door of the house. Appellant went to the back door and fired again. The victim's body was found in the yard near the house the next morning.

1. Appellant argues in his first enumeration of error, that the trial court improperly allowed the state to reopen its case after both the state and defense had rested.

The appellant testified that his gun accidentally discharged at his former girl friend's door after he went to get it from his truck with the intention of keeping it with him while he spent the night with her. At the conclusion of appellant's testimony, the state called the sheriff as

a rebuttal witness. The sheriff testified that the appellant had told him that he had shot into the door, indicating the act was deliberate rather than accidental, after he found the door had been locked during his brief absence.

The sheriff's testimony was admitted after the court first held a hearing, outside the presence of the jury, and ruled the statement was admissible.

Clearly, the statement appellant gave to the sheriff conflicted with his sworn testimony and was proper rebuttal testimony. This court has held that the state may present rebuttal testimony at the conclusion of the defense's testimony. *Johnson v. State,* 244 Ga. 295 (260 SE2d 23) (1979); *Dixon v. State,* 243 Ga. 46 (252 SE2d 431) (1979), and *Terry v. State,* 243 Ga. 11 (252 SE2d 429) (1979). See also *Hurt v. State,* 239 Ga. 665 (238 SE2d 542) (1977) and *Woodward v. State,* 197 Ga. 60 (28 SE2d 480) (1944).

We find no merit to appellant's first enumeration of error.

2. As his second enumeration of error, appellant contends the trial court erred in failing to charge the jury on the law of admissions or confessions after admitting appellant's statement to the sheriff into evidence.

The record does not reflect that appellant either requested that a charge be made with regard to the voluntariness of the confession or objected to the charge as given by the court. In *Green v. State,* 230 Ga. 756, 759 (199 SE2d 199) (1973) we held that unless charges given were harmful as a matter of law and failed to provide the jury with proper guidelines for determining guilt or innocence, it was not error to omit specific charges when no specific written requests to charge were given or objections were made thereto. See also *Spear v. State,* 230 Ga. 74 (195 SE2d 397) (1973); and *Ivy v. State,* 220 Ga. 699, 670 (141 SE2d 541) (1965).

We find no merit in appellant's second enumeration of error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 25, 1981.

*Donald W. Huskins,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellee.