## 39219. PLAIR v. THE STATE.

MARSHALL, Presiding Justice.

John Ell Plair appeals from his conviction of malice murder, for which he received a life sentence.

1. There was evidence from which the jury was authorized to find the following. The 24-year-old defendant lived in the house of his 61-year-old, retired father, along with the defendant's two sisters, and shared his father's bedroom. After graduation from high school and four years in the armed service, the defendant had lived in his father's house for two years, during which time he had worked only about two weeks. The defendant testified that he had hated his father as a child because of frequent and severe disciplining. His sisters testified that the defendant and his father frequently fought verbally, principally about the father's urging the defendant to find a job and move out on his own. On the day before the homicide, the father had again given this "ultimatum," and had criticized the defendant for not having cleaned the shower after he had used it. At some time after midnight, after both the defendant and his father had gone to bed, "three or four" shots were heard by the defendant's sisters, and the father was heard pleading, "Oh, no, Johnny!" The defendant then ran out of their joint bedroom, carrying his own .38 revolver, which he customarily kept with him, and his father's .38 revolver, which his father customarily kept under the mattress of his bed. The defendant then told his sisters that he had had to shoot the father because the latter had tried to shoot him.

The father was found lying on the floor between his bed and the defendant's. The cause of death was wounds caused by two .38 caliber bullets in the chest, plus one in his arm. A fourth bullet hit the wall above the father's bed. There was blood on the father's bed, which, along with the trajectory of the bullets, indicated that he had been in his bed when he was shot. There was testimony that the defendant and his father customarily slept with the light off; however, there was also testimony that, with the light off, there was insufficient light by which the defendant could have seen his father threatening to shoot him, as the defendant contended. The light was on after the shooting. There was evidence that only the defendant's pistol had been fired recently. The victim had powder burns on the palms of his hands, consistent with the hypothesis that he had held his hands up in front of him as he pleaded for his life.

Upon a review of this evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact was authorized to find Plair guilty of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant enumerates as error merely that "[t]he trial judge erred to the substantial prejudice of the appellant in his charge to the jury."

The record does not reflect that the appellant either made any specific requests to charge or objected to the charge as given by the court. The charge was not alleged as error in the motion for new trial. Our review of the charge as a whole reveals that it was not harmful as a matter of law and did not fail to provide the jury with the proper guidelines for determining guilt or innocence; therefore, this enumeration of error, presents nothing for review. *Evans v. State,* 247 Ga. 204 (2) (275 SE2d 65) (1981) and cits.; *Patterson v. State,* 228 Ga. 389, 390 (185 SE2d 762) (1971).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 4, 1983.

*Robert Simmons Lanier, Jr.,* for appellant.

*J. Lane Johnston, District Attorney, Michael J. Bowers, Attorney General, Janice G. Hildenbrand, Staff Assistant Attorney General,* for appellee.