S97A1647. MERCER v. THE STATE.
S97A1727. LEE v. THE STATE.
(493 SE2d 921)

THOMPSON, Justice.

Henry Mercer and Darcel Lee were indicted and charged with malice murder and felony murder, with the underlying felony of aggravated assault, in the death of Leroy Lewis.[1] With regard to the underlying felony of aggravated assault, the indictment charged that defendants used their fists, feet, and a bed frame, objects which, when used offensively, are likely to cause serious bodily injury. The jury found defendants not guilty of malice murder, but guilty of felony murder, and they were sentenced to life in prison. Their separate appeals have been consolidated.

Viewing the evidence in a light to uphold the verdict, we find the following: On January 4, 1996, at approximately 10:30 p.m., Regina Watts went to a laundromat in Savannah, Georgia. Watts put her laundry in a washing machine and went back out to her car which was parked directly in front of the laundromat. As she waited in the car, Watts saw Lee and Mercer inside the laundromat, taking turns kicking the elderly victim. While one kicked him, the other waited outside. When Watts went inside the laundromat to put her clothes in the dryer, she saw Lewis on the floor, unconscious, with one foot in a dryer.

Watts returned to her car and continued her vigil. Soon, Lee and Mercer dragged Lewis out of the laundromat and into a nearby alcove, where they continued to beat him, and threw a garbage can and bed frame at him.

Watts went home, called 911, and informed the police as to what she had seen. The police and paramedics arrived at the scene and found Lewis severely beaten, battered and bruised. They rushed him to a hospital where he died at approximately 3:00 a.m.

At trial, Mercer testified that Lee beat Lewis with his hands, and Lee testified that Mercer beat him. Moreover, Lee admitted that he dragged Lewis into the alcove and slapped him in the face.

1. The evidence was sufficient to enable a rational trier of fact to find Lee and Mercer guilty beyond a reasonable doubt of felony murder, with the underlying felony of aggravated assault. *Jackson v. Vir-*

---

[1] Lewis died on January 5, 1996. Mercer and Lee were indicted on March 27, 1996. Trial commenced on August 20, 1996, and the jury returned its verdict on August 23, 1996. The trial court sentenced defendants on September 4, 1996, and they timely moved for a new trial. Mercer's motion for a new trial was denied on June 11, 1997; Lee's motion was denied on June 13, 1997. Mercer filed his notice of appeal on June 17, 1997. His case was docketed in this Court on July 3, 1997, and submitted for decision on briefs on August 25, 1997. Lee filed his notice of appeal on June 25, 1997. His case was docketed on July 16, 1997, and submitted for decision on briefs on September 8, 1997.

*ginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court charged the jury that fists, "shoe-wearing feet" and bed frames are not deadly weapons per se, but may be deadly weapons depending on the manner in which they are used and the nature of the injuries inflicted upon the victim. The charge was a correct statement of the law. *Boling v. State,* 244 Ga. 825, 826 (1) (262 SE2d 123) (1979). It was not erroneous simply because the trial court used the words "shoe-wearing feet" and the indictment only used the word "feet." After all, it cannot be said that there is a reasonable possibility that defendants were convicted of a crime in a manner not charged in the indictment. See generally *Dukes v. State,* 265 Ga. 422, 423 (457 SE2d 556) (1995).

Nor can it be said that the charge directed the jury to find that defendants used their hands, feet, and a bed frame in their attack on Lewis. The trial court made it clear that whether any of these instrumentalities were used, and whether they were deadly weapons, were matters for the jury to determine.

3. On the morning following the assault on Lewis, Watts saw Lee in her neighborhood. She called the police and described what Lee was wearing. The police picked up Lee and brought him to Watts who identified him as one of Lewis' assailants.

Lee asserts that his "one-on-one show-up" was inherently suggestive and tainted Watts' in-court identification. Under the totality of circumstances, we do not find the show-up to be so impermissibly suggestive as to give rise to a substantial likelihood of misidentification. *Neil v. Biggers,* 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Dodson v. State,* 237 Ga. 607, 608 (2) (229 SE2d 364) (1976). See also *Cooper v. State,* 260 Ga. 549 (2) (397 SE2d 705) (1990). Watts observed Lee in the laundromat for more than 30 minutes. She saw him in her neighborhood the very next morning and identified him positively. Moreover, Lee admitted that he was in the laundromat, dragged Lewis into the alcove, and slapped him.

4. Lee asserts the trial court erred in permitting the State's associate medical examiner to testify that Lewis' death was the result of a homicide. We cannot consider this assertion because it was not raised below. *Earnest v. State,* 262 Ga. 494, 495 (422 SE2d 188) (1992).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 12, 1998.

*M. Ross Becton, Jr., Kevin A. Hunter,* for appellant (case no. S97A1647).

*Donald B. Lowe III,* for appellant (case no. S97A1727).

*Spencer Lawton, Jr., District Attorney, Christine S. Barker,*

*Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.