## A08A2206. SIMS v. THE STATE.
### (675 SE2d 241)

DOYLE, Judge.

Following a jury trial, Timothy L. Sims appeals his conviction for committing aggravated assault on a peace officer,[1] fleeing or attempting to elude a police officer,[2] and driving without a license.[3] Sims asserts as error (1) that the evidence did not suffice to support a finding of guilt as to the aggravated assault charge, (2) that the trial court failed to instruct the jury on battery, (3) that the trial court failed to instruct the jury as to the manner of use of fists in the aggravated assault, and (4) that the trial court failed to properly instruct the jury as to the aggravated assault charge upon receiving a question from the jury. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[4]

So viewed, the evidence shows that while a uniformed deputy in a marked car was on patrol at approximately 3:30 a.m., he noticed a car make an improper wide turn and cross the road's center line. The deputy activated his emergency lights and began pursuing the vehicle. The deputy then activated his siren and chased the vehicle for more than a mile as it made several turns and failed to obey stop signs. Eventually, the car stopped, and as the deputy exited his vehicle, the driver continued for 200 more feet until he and his two passengers fled the moving vehicle. The deputy tackled the driver

---

[1] OCGA § 16-5-21 (a) (2), (c).

[2] OCGA § 40-6-395 (a).

[3] OCGA § 40-5-20 (a). Sims was also found guilty of felony obstruction of an officer, which count merged with the assault on a peace officer count.

[4] (Punctuation omitted.) *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).

and one passenger, both of whom escaped his grasp. The deputy again tackled the fleeing driver, who hit the deputy in the chest, knocking the wind out of him and escaping. The deputy pursued and caught the driver again, and the driver wriggled out of his shirt and began punching the deputy in the head and face. The driver continued mercilessly punching the deputy, who was holding the driver by his belt and hoping for backup to arrive. The driver then slid out of his pants and escaped, leaving the deputy with a concussion and a fracture to a facial bone.

The driver's pants contained an identification card showing him to be Sims. After Sims was later arrested, he was tried and found guilty by a jury of the charges. Sims now appeals.

1. Sims contends that the evidence was insufficient to support a guilty verdict as to the aggravated assault charge. We disagree.

> The standard of review for sufficiency of the evidence [in a criminal case] is set out in *Jackson v. Virginia*.[5] The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6]

Under OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when he or she assaults: . . . [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." Here, Sims was indicted for using his fists, "objects which when used offensively against another person are likely to result in serious bodily injury, by striking the [deputy] about his head with said fists."

"Hands and fists may be deadly weapons depending upon the circumstances, including the extent of the victim's injuries."[7] "[W]hether [Sims]'s hands and fists were objects used in a manner likely to result in serious injury was a question of fact for the jury to determine."[8] Here, "[t]he evidence that [Sims] beat the victim about the head and face with his hands is sufficient to authorize the jury's verdict that he is guilty, beyond a reasonable doubt, of aggravated assault," particularly in light of the deputy's concussion and fractured face bone caused by Sims's punches.[9]

---

[5] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Punctuation omitted.) *Taylor v. State*, 266 Ga. App. 818 (598 SE2d 122) (2004).

[7] *Wright v. State*, 211 Ga. App. 474, 475 (1) (440 SE2d 27) (1993).

[8] *Hewitt v. State*, 277 Ga. 327, 331 (1) (e) (588 SE2d 722) (2003).

[9] *Scott v. State*, 243 Ga. App. 383, 385 (1) (d) (532 SE2d 141) (2000).

Sims's argument that he only intended to escape and not to injure the officer is not cause for reversal.

> Unlike an aggravated assault committed with the intent to murder, rape, or rob, aggravated assault with [an object] which is likely to result in serious bodily injury does not require a specific criminal intent; rather, it requires only a . . . general intent to injure. General intent to injure may be proven by circumstantial evidence and is a question of fact for the trier of fact to determine.[10]

Here, in light of the evidence that Sims beat the deputy in his head and face causing a concussion and bone fracture, the evidence was sufficient to support an inference by the jury that Sims had the requisite general intent to injure the deputy.[11]

2. Sims contends that the trial court erred by failing to give a jury instruction on the lesser included charge of simple battery. However, Sims failed to submit a written request for such a charge, and "[a]bsent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error."[12] Therefore, Sims has waived any assertion of error based on the failure to so instruct the jury. "[U]nless charges given were harmful as a matter of law and failed to provide the jury with proper guidelines for determining guilt or innocence, it was not error to omit specific charges when no specific written requests to charge were given or objections were made thereto."[13] Here, the jury was correctly charged on the indicted offenses, the presumption of innocence, and the State's burden of proof, and "the charge as given did not [otherwise] fail to provide the jury with" proper guidelines for determining Sims's guilt or innocence.[14] Therefore, Sims "waived any other error by failing to request the charge in writing."[15]

3. Sims also contends that the trial court's jury instruction on aggravated assault was improper as to whether fists are objects "likely to cause serious bodily injury," in that the court failed to instruct the jury that it could consider the defendant's manner of use

---

[10] (Citations omitted.) *Maynor v. State*, 257 Ga. App. 151, 153 (570 SE2d 428) (2002).

[11] See *Hall v. State*, 292 Ga. App. 544, 547 (1) (664 SE2d 882) (2008) (finding of intent to injure was supported by evidence that choking victim could not breathe and briefly lost consciousness); *Harper v. State*, 152 Ga. App. 689, 692 (2) (263 SE2d 547) (1979) (use of fists can support aggravated assault conviction).

[12] (Punctuation omitted.) *Seay v. State*, 276 Ga. 139, 140 (2) (576 SE2d 839) (2003).

[13] *Evans v. State*, 247 Ga. 204, 205 (2) (275 SE2d 65) (1981).

[14] *Massey v. State*, 278 Ga. App. 303, 309 (6) (628 SE2d 706) (2006). See *Whitaker v. State*, 283 Ga. 521, 526 (4) (661 SE2d 557) (2008) (no clear harm where proper instruction given on indicted offenses and burden of proof).

[15] *Massey*, 278 Ga. App. at 309-310.

of the fists. Sims cites no authority for such a proposition, and we discern no error in the charge given to the jury, which included the following language:

> [T]he State must also prove as a material element of Aggravated Assault as alleged . . . that the assault was made with an object that when used offensively against another person is likely to or actually does result in serious bodily injury. . . . [Fists], if and when used in making an assault upon another person, are not deadly weapons per se but may or may not be deadly weapons depending upon the manner in which they are used and the circumstances of the case. You may or may not infer the serious injury-producing character of the instruments in question from the nature and extent of the injury, if any, inflicted upon the person allegedly attacked.

As this charge explicitly instructed the jury that the character of the weapons "depend[ed] upon the manner in which they are used," and because this is an accurate statement of the law, we discern no error.[16] "The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence. The jury charges in the present case met this requirement."[17]

4. Finally, Sims enumerates as error that the trial court erred by not recharging the jury on aggravated assault in response to a jury question. However, the record reveals that the trial court did precisely that. The trial court repeated its full instruction on aggravated assault in response to the following jury question: "Is it the charge of the court to determine whether the Defendant intended bodily harm or the officer believed he was in danger of bodily harm?" After repeating the aggravated assault charge, the trial court explained that it was reluctant to comment further in light of the possibility of omitting something or misstating the law. "The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court."[18] The trial court correctly recharged the jury as to aggravated assault, and we therefore discern no abuse of discretion.[19]

---

[16] See *Mercer v. State*, 268 Ga. 856, 857 (2) (493 SE2d 921) (1998).

[17] (Footnote omitted.) *McMath v. State*, 253 Ga. App. 523, 524 (559 SE2d 544) (2002).

[18] (Punctuation omitted.) *Leavitt v. State*, 264 Ga. 178, 179 (4) (442 SE2d 457) (1994).

[19] See *Salahuddin v. State*, 277 Ga. 561, 564-565 (4) (592 SE2d 410) (2004) ("where the jury requests further instructions upon a particular phase of the case, the court in (its) discretion may recharge them in full, or only upon the point or points requested") (punctua-

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 5, 2009.

*James E. Watkins*, for appellant.
*Tommy K. Floyd, District Attorney, Atha H. Pryor, Assistant District Attorney*, for appellee.

---

tion and emphasis omitted); *Kimmel v. State*, 261 Ga. 332, 335 (3) (404 SE2d 436) (1991) ("it might not have been an error for the court to answer the jury's questions directly, that is, without relying on a pattern charge. However, the charges as repeated were legally sufficient").