60824. BYRD v. THE STATE.

Deen, Chief Judge.

1. Testimony of the arresting officer that he found a cigarette on the person of the defendant triggered a motion for mistrial and various objections. The court ruled out the evidence on the ground that the statement that the cigarette contained marijuana was a conclusion without supporting evidence, and cautioned the jury to disregard the testimony. The ruling was not an abuse of discretion. *Herring v. State,* 125 Ga. App. 770 (3-a) (189 SE2d 132) (1972).

2. " 'While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to

preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207), this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' " *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859) (1975), and see *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979); *Clary v. State,* 151 Ga. App. 301, 304 (5) (259 SE2d 697) (1979). The court defined reasonable doubt, stated that such doubt could arise from evidence or lack of evidence, and that if a doubt remained after consideration of the evidence it should be resolved in favor of the defendant. While we find no error in the instructions, they fall under the general rule that where no objection is made to a mere omission to include some element of the instructions not rising to the threshold of harmful error as a matter of law, the enumerations will not be considered. This applies to errors 10, 11, 12, 13 and 15. The instructions given were not burden-shifting.

3. The court charged in part, as to jury deliberations: "It is natural that differences of opinion should arise. When they do, each juror should not only express his or her opinion, but the reasons upon which such opinion is based. Although a juror should not hesitate to change his or her vote when his opinion or judgment is changed, each juror should vote according to that juror's honest judgment, applying the law from the instructions to the facts as proved to you. If every juror is fair and reasonable a jury can almost always reach a verdict. It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so consistent with your individual judgment." The objections are that the court omitted to charge that jurors should not abandon their convictions to be congenial, was argumentative, was in part irrelevant, and in its totality amounted to a lack of due process. We disagree. The instructions were conditioned on each juror voting consistently with his individual judgment. This is closely akin to the language suggested in *Dorsey v. State,* 239 Ga. 564, 565 (4) (238 SE2d 98) (1977) to the effect that the jury should try to reach a unanimous verdict without surrendering the individual's honest difference of opinion.

4. The appellant further complains, as not adjusted to the facts of this case, of an instruction relating to conspiracy: "It is not necessary to show any prearrangement between two or more persons to commit an unlawful act since such may be found from their acts and conduct alone. In other words, the existence of a common design or purpose between two or more persons to commit an unlawful act

may be shown by either direct or circumstantial evidence." That the charge is abstractly correct, see *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976) and *Llewellyn v. State,* 241 Ga. 192 (243 SE2d 853) (1978), holding that conspiracy may be established by circumstantial as well as direct evidence, and on occasion without actually placing one of the parties as present at the scene of the crime. The defendant Bryd was convicted of selling over an ounce of marijuana. He and his alleged co-conspirator Mitchell met the State's witness, an undercover man posing as a purchaser, at a prearranged spot. While Mitchell entered a nearby store to use the telephone Byrd and the detective conversed and Byrd told him that the two of them had handled deals with this man before and the merchandise was always good. Mitchell came out of the store and talked with Byrd. Those two then told the detective that they wanted to see his money, the price being $375.00 per pound. It was also decided that the detective would go with Mitchell in Mitchell's car and Byrd would stay with the agent's car until they returned. The detective did go with Mitchell and ultimately purchased a pound of marijuana, arrested Mitchell and the third person who had produced the drug, and, with the help of other police who had been alerted, then returned to his car and arrested Byrd. Byrd testified that he had thought the witness and Mitchell "were going to get a couple of ounces of pot to sell" and that he told them he wanted no part of the deal but would wait for them. This, of course, was denied by the police witness, making a question which the jury resolved against the contentions of Byrd. The evidence supported the verdict. As to the conspiracy charge, it was indeed adjusted to the facts of the case as set forth by the state's evidence. Either Byrd had, as he claimed, denied any participation in the agreement apparently reached between the detective and Mitchell to purchase pot for resale but had agreed to wait until they got back for whatever reason, or he had been and remained a part of the criminal enterprise throughout. There was accordingly no error in the instructions relating to indirect proof of conspiracy.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED OCTOBER 2, 1980 — DECIDED NOVEMBER 20, 1980.

*Paul S. Weiner,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.