## 62385. SCHUBERT v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was charged with and tried for aggravated assault and attempted armed robbery. The trial court granted appellant's motion for a directed verdict on the attempted armed robbery charge, and the jury convicted appellant of the aggravated assault. Appellant now urges that the trial court erred in denying appellant's motion for a mistrial and in charging the jury on conspiracy.

The evidence showed that appellant and a male companion knocked on the door of the victim's home late one evening. The victim, a widow who lived alone, testified that after she had answered the knock appellant told her he had had car trouble and wished to use her telephone to call his sister. The victim refused to allow appellant to enter her home, but offered to make the call for him if he would give her the number. When appellant was unable to give her the number, the victim closed the door of her home. She was then shot in the hand by appellant. At trial, the victim identified appellant as her assailant.

1. Appellant complains that his character was placed in evidence by the state and maintains that the trial court erred when it refused to grant a mistrial on that ground. The testimony which appellant finds offensive was elicited from a state's witness who testified that six days before the victim was shot, appellant talked to him about kidnapping and holding someone for ransom. Appellant asserts that, through this testimony, the state established that appellant had committed an unrelated crime, conspiracy to commit kidnapping.

"While it is true that the prosecutor may not introduce matters that place the defendant's character in issue by showing that he has committed another, wholly independent crime, there is an exception where 'evidence of other criminal transactions is a part of the res gestae or tends to show motive, or to show a course of conduct pointing toward and leading to the crime . . .' [Cits.]" *Lindsey v. State,* 234 Ga. 874, 876 (218 SE2d 585). Thus, the evidence complained of was admissible to show a course of conduct leading toward the crime for which appellant was being tried. The trial court's admission of the evidence for other reasons (to show motive or intent) was not harmful error.

2. Appellant concedes that a conspiracy charge may be given to a jury by a trial court when there is evidence that two or more people committed the crime charged. See *Smith v. State,* 154 Ga. App. 258 (5) (267 SE2d 863). However, appellant urges that the giving of such an instruction was error in the present case because the trial court did not limit the jury's consideration of the conspiracy to the aggravated

assault charge. The lack of a limiting instruction is, according to appellant, reversible error since the state had also presented evidence of a conspiracy to commit kidnapping, a crime for which appellant was not being tried.

In response to the trial court's query whether he had any objections to the charge as given, defense counsel stated he wished to reserve his objections. Such a response did not constitute a waiver of appellant's right to enumerate as error the trial court's failure to charge. *Gaither v. State,* 234 Ga. 465 (2) (216 SE2d 324). However, "[w]hile present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207), this does not relieve him from the necessity of requesting instructions . . . [Cit.]" *Byrd v. State,* 156 Ga. App. 522 (2) (275 SE2d 108). See also *White v. State,* 243 Ga. 250 (253 SE2d 694). Appellant cannot complain about the trial court's failure to give an unrequested instruction on a collateral issue, especially when the omission is not clearly harmful and erroneous as a matter of law. *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859); *Byrd v. State,* supra.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 29, 1981.

*J. Donald Bennett,* for appellant.
*David L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.