## A00A2324. WHITEHILL v. THE STATE.
### (543 SE2d 470)

MIKELL, Judge.

A Cobb County jury convicted Christopher Howard Whitehill of burglary and aggravated assault with intent to rape. On appeal, he contends that insufficient evidence of intent exists to support his convictions. We disagree and affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence must be viewed in the light most favorable to the verdict. *Redd v. State*, 232 Ga. App. 666 (1) (502 SE2d 467) (1998).

Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to

---

[24] (Citations and punctuation omitted.) *Daniels*, supra, 191 Ga. App. at 72 (1).

resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation and punctuation omitted.) *Jackson v. State*, 236 Ga. App. 260, 261 (511 SE2d 615) (1999).

Construed to uphold the jury's verdict, the evidence reveals that on August 18, 1998, at approximately 1:00 p.m., Whitehill rang the doorbell of a home owned by Sylvia Urrutta and her husband. The victim, Mrs. Urrutta's housekeeper, was alone in the house. She looked through a side window and saw Whitehill, whom she recognized as having performed yard work in the area. The victim, who is Hispanic and speaks little English, testified through an interpreter that she opened the door "a little bit." Whitehill asked to speak with the homeowner. When the victim indicated no one was home, Whitehill forced his way inside and knocked the victim to the ground. Whitehill pinned the victim with his knee and pulled up her shirt and bra. The victim testified that Whitehill tried to unbutton her pants as well as his own trousers. As they struggled on the floor, Whitehill struck the victim repeatedly. Finally, the victim spied a golf club, grabbed it, and swung at Whitehill. She missed, but he fled.

The victim called a bilingual friend, who called the police. Officer Jerald Hood responded. He testified that when he arrived at the Urrutta residence, the victim was trembling, breathing rapidly, and tearful. Through an interpreter, the victim explained the attack and described her assailant. The officer noted golf clubs in the foyer. Mrs. Urrutta testified that she returned home while the police were there. Mrs. Urrutta attested to the bruises on her housekeeper's body.

Whitehill testified at trial. He claimed that the victim permitted him to enter the foyer. Whitehill also claimed that the victim was provocatively dressed and made sexual advances toward him. The defendant testified that the victim grabbed his waist; he pushed her away, she fell, and he left, closing the door behind him.

In his sole enumeration of error, Whitehill contends that the evidence of intent to rape is insufficient to support his convictions. Intent to rape is an essential element of both the burglary and aggravated assault charges against Whitehill. The indictment charged him with committing burglary by entering Mrs. Urrutta's home without authority and with the intent to commit rape. See OCGA § 16-7-1 (a). Similarly, he was charged with assaulting the victim with intent to rape by removing her clothing. See OCGA § 16-5-21 (a) (1).

Intent to rape may be proved by circumstantial evidence. *Mangham v. State*, 234 Ga. App. 567, 570 (2) (507 SE2d 806) (1998).

It is not necessary for the State to show that appellant

expressed an intent to rape in so many words, or declared a purpose to carry the intent into effect, for the jury to arrive at the conclusion he so intended. The intention may be gathered from the circumstances of the case as proved. Whether appellant intended to rape the victim was a matter for the jury to determine and, as a general rule, the State must of necessity rely upon circumstantial evidence.

(Citations and punctuation omitted.) *Butler v. State*, 194 Ga. App. 895, 897 (2) (392 SE2d 324) (1990). In the instant case, the victim testified that Whitehill pulled up her shirt and bra, exposing her breasts, and that he tried to remove her pants as well. "Thus, there was evidence, although circumstantial insofar as intent is concerned, sufficient to establish that the defendant assaulted the victim with intent to commit rape." (Citations and punctuation omitted.) Id. Since the jury is the sole arbiter of the credibility of witnesses, it was authorized to disbelieve Whitehill and believe the victim. The evidence was sufficient for any rational trier of fact to find Whitehill guilty beyond a reasonable doubt of burglary and aggravated assault with intent to rape.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 11, 2000.

*Richard D. Wilson*, for appellant.
*Patrick H. Head, District Attorney, Maria B. Golick, Assistant District Attorney*, for appellee.