A02A0385. McMATH v. THE STATE.
(559 SE2d 544)

JOHNSON, Presiding Judge.

A jury found Niger McMath guilty of aggravated assault and simple battery. She appeals, alleging the trial court's charge on reckless conduct as a lesser included offense of aggravated assault was legally insufficient. We find no error and affirm her convictions.

The record shows that McMath timely requested a jury charge on reckless conduct as a lesser included offense of aggravated assault. The state did not oppose the charge, and the trial court agreed to give the charge. McMath does not argue that the charge given was an incorrect statement of the law. Rather, she argues that the trial court's charge was legally insufficient because the trial court did not give the reckless conduct charge at the same time as it charged the jury on the two indicted offenses. According to the record, the trial court charged the jury as to the two indicted offenses, aggravated assault and simple battery. The trial court then charged the jury on party to a crime, affirmative defenses, accident, criminal negligence, and included crimes. The trial court then charged the jury on reckless conduct as a lesser included offense of aggravated assault. We find no error.

McMath cites no authority for her contention that the trial court

was required to give the reckless conduct charge contemporaneously with its charges on aggravated assault and simple battery. In fact, there is no requirement that the charges be placed in any specific order or that lesser included offense charges be given contemporaneously with the indicted offense charges. The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence.[1] The jury charges in the present case met this requirement.

McMath further attempts to bolster her enumeration of error by arguing that the trial court improperly recharged the jury following a question by the jury. The record shows that during their deliberations, the jury specifically asked for clarification on what constitutes simple battery, giving an example. Because the trial court could not tell from the question whether the jury was asking about aggravated assault or simple battery, the trial court responded to the question by recharging the jury as to both the offenses of aggravated assault and simple battery. The trial court declined McMath's request to recharge the jury on reckless conduct. We find no error. A trial court does not err by limiting a recharge to the specific points raised by the jury's inquiry.[2] The jury in the present case did not request a recharge on reckless conduct, and the trial court did not err in responding only to the jury's specific inquiries.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED JANUARY 29, 2002 — 

*Jay L. Palmer*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Amira S. AbuBakr*, Assistant District Attorneys, for appellee.

---

[1] See *York v. State*, 242 Ga. App. 281, 291 (5) (c) (528 SE2d 823) (2000); *Pullins v. State*, 232 Ga. App. 267 (1) (a) (501 SE2d 612) (1998).
[2] See *Sinkfield v. State*, 266 Ga. 726, 727 (3) (470 SE2d 649) (1996); *Carter v. State*, 238 Ga. App. 632, 636-637 (3) (519 SE2d 717) (1999).