## A02A1729. GLASS v. THE STATE.
### (572 SE2d 31)

ELDRIDGE, Judge.

A Fulton County jury found Monica Glass guilty of aggravated assault, which offense arose when Glass got into an altercation with another woman in a government housing project and cut her several times in the face with a razor, resulting in hospitalization and numerous stitches. Without challenging the sufficiency of the evidence against her, Glass claims solely that the trial court erred in permitting the State to introduce a similar transaction wherein Glass got into an altercation with another woman in a government housing project and hit her several times in the head with a crowbar, resulting in hospitalization and numerous stitches.[1] Glass contends that the similar transaction evidence was "unnecessary to prove the elements of the offense on trial, [and] it should have been excluded as being harmfully prejudicial." We disagree.

(a) While Glass objected to the introduction of this evidence during the pretrial hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), she failed to object to the testimony of the witness at trial and therefore has failed to preserve her objection for review. "The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it."[2]

(b) Moreover, the similar transaction evidence was admissible to demonstrate course of conduct and intent, as was charged to the jury by the trial court. The acts were remarkably similar, involving the same type of victim, the same type of locale, the same type of inciting incident, the same type of violent response thereto, and the same type of repair to injuries inflicted in the same general area, i.e., the face and head. The sole significant difference was the opportunistic

---

[1] Glass pled guilty to such offense.

[2] (Citation and punctuation omitted.) *Foster v. State*, 254 Ga. App. 255, 256-257 (3) (562 SE2d 191) (2002).

weapon of choice at the particular time the inciting incident occurred. And in that regard,

> [w]hen sufficient basis exists to admit the evidence, dissimilarities such as the type of weapon used or the precise igniting act do not destroy the basis for admitting evidence as a similar transaction. The use of lethal or opportunistic weapons may be sufficient when considered in the context of other similarities. The focus of the inquiry is on the similarities between the incidents, not on their differences.[3]

As the similar transaction evidence was relevant to the charged offense and sufficiently similar under the *Williams*[4] criteria, the trial court did not err in its admission.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 30, 2002.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

---

[3] (Citation, punctuation and footnote omitted.) *Smith v. State*, 232 Ga. App. 290, 296 (501 SE2d 523) (1998).

[4] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) ("a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter"); accord *Walraven v. State*, 250 Ga. 401, 408 (4) (b) (297 SE2d 278) (1982); *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976).