## A03A2534. McGUIRE v. THE STATE.
### (598 SE2d 55)

BARNES, Judge.

On July 20, 2000, Fred McGuire attacked the victim as she walked near her trailer, dragged her to a more deserted area of the trailer park where he forced her to the ground, beat her and inserted his finger in her vagina. McGuire ran away when a resident of a nearby trailer heard dogs barking and came outside to look around.

---

McGuire was related to the victim's husband, and she had known McGuire since childhood. The victim reported the assault the next day, and McGuire was arrested and indicted for aggravated assault with intent to rape, aggravated sexual battery, and kidnapping. Following a jury trial, he was convicted on all counts. After the denial of his motion for new trial, he appeals, and enumerates as error the trial court's charge on assault, its failure to charge on asportation, its admission of similar transaction evidence, and its failure to merge the kidnapping charge with the aggravated assault with intent to rape charge. McGuire also maintains that his trial counsel was ineffective. Upon review, and discerning no error, we affirm his conviction.

1. In two enumerations of error, McGuire contends that the trial court erred in instructing the jury. According to McGuire, the trial court erred in charging the jury on aggravated assault in a manner not alleged in the indictment. McGuire also argues that the trial court erred in failing to give a charge on asportation. We address each alleged error in turn.

(a) There are two ways to commit an assault: when a person "[a]ttempts to commit a violent injury to the person of another," OCGA § 16-5-20 (a) (1) and when a person "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." Id. at (a) (2). "[A]ggravated assault has two essential elements: (1) that an assault (as defined in [OCGA § 16-5-20]) was committed on the victim; and (2) that it was aggravated by (a) an intention to murder, to rape, or to rob, or (b) use of a deadly weapon. . . ." Merrell v. State, 162 Ga. App. 886, 887 (2) (293 SE2d 474) (1982). McGuire asserts that the trial court erred in charging the jury on the two subsections, when the indictment alleged only one manner of aggravated assault. Specifically, he argues, that "[t]he indictment charged appellant with assault by beating and choking the victim. A reasonable apprehension of receiving an immediate violent injury was not part of the indictment."

The indictment charged McGuire with aggravated assault with the intent to rape in that he "did unlawfully commit an assault upon the person of [the victim], a female, by beating her about the head and body with his hands and fists, all with intent to have carnal knowledge of [the victim], forcibly and against her will."

The trial court charged the jury as follows:

Count One charges the defendant with aggravated assault with the intent to rape. An assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury. A person commits the offense of

aggravated assault when that person assaults another person with the intent to rape. To constitute an assault, actual injury to the other person need not be shown. It is only necessary that the evidence show beyond a reasonable doubt an intention to commit injury on another person coupled with the apparent ability to commit that injury or that the other person was intentionally placed in reasonable apprehension of immediately receiving a violent injury from the defendant.

Contrary to McGuire's argument,

[t]he indictment did not and need not, however, specify the manner in which the defendant committed the simple assault, when that is a lesser included offense within the greater offense of aggravated assault. Instead, an indictment for aggravated assault should, as it did in this case, allege the aggravating aspect of the simple assault. This indictment was sufficient to put [McGuire] on notice that he could be convicted for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute, so long as the State proved that he did so by [the intention to rape]. The two charged methods of committing simple assault, as an element of aggravated assault, did not provide an improper basis for the jury to convict [McGuire] of aggravated assault. The trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense. Because the jury's charge did not authorize a conviction in a manner other than that alleged in the indictment, the charge was not erroneous.

(Punctuation and footnotes omitted.) *Simpson v. State,* 277 Ga. 356, 358 (3) (589 SE2d 90) (2003). Thus, the trial court did not err in its jury charge on assault.

(b) McGuire's contention that the trial court erred in failing to charge the jury on asportation is also meritless. McGuire essentially argues that the trial court erred in failing to define the term "asportation" in its charge on kidnapping. McGuire complains that, even though the term was not used, the definition of asportation was essential to "provide the jury with proper guidelines for determining guilt or innocence under the facts of this particular case."

In its charge on kidnapping, the trial court explained that "a person commits the offense of kidnapping, which is count two of the indictment, when he abducts or steals away any person without

lawful authority or warrant or holds such person against his or her will." We discern no error.

The trial court charged the language of the kidnapping statute. See OCGA § 16-5-40 (a). "The only requirement regarding jury charges is that the charges, as given, were correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence." *McMath v. State*, 253 Ga. App. 523, 524 (559 SE2d 544) (2002). We can find no authority, nor does McGuire cite such authority, supporting his contention that the trial court must use, and further explain, the term asportation. Further, our review of McGuire's request to charge reveals that he did not request any additional charges on kidnapping to prevent any confusion on the requirements of asportation. "[McGuire] cannot complain about the trial court's failure to give an unrequested instruction on a collateral issue, especially when the omission is not clearly harmful and erroneous as a matter of law." *Schubert v. State*, 160 Ga. App. 227, 228 (2) (286 SE2d 514) (1981).

2. McGuire next complains that the trial court erred in admitting evidence of similar transactions. He argues that the transactions were not sufficiently similar to the present one, and that the offenses were improperly admitted to show intent.

We note preliminarily that,

> [w]hile [McGuire] objected to the introduction of this evidence during the pretrial hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), [he] failed to object to the testimony of the witness at trial and therefore has failed to preserve [his] objection for review. The rule requiring a trial objection on similar transaction evidence is firm in Georgia jurisprudence, and we are bound to follow it.

(Citation and punctuation omitted.) *Glass v. State*, 257 Ga. App. 662 (a) (572 SE2d 31) (2002).

Pretermitting the failure to preserve the objection, the evidence was admissible for permissible purposes. The similar transactions were a 1978 conviction for aggravated assault with intent to rape, and a 1979 conviction for rape, kidnapping and aggravated sodomy. McGuire was in prison from 1979 until 1996. The State argued that the similar transactions were being offered to show intent and bent of mind, and the trial court admitted them for those purposes. McGuire argues that the crimes were not similar because the prior offenses involved weapons and the present case did not. He maintains that the present case is also dissimilar in that it involved an acquaintance and the priors involved strangers. McGuire also argues that intent is not relevant in this case and thus, the similar transactions are irrelevant to show intent.

Evidence of similar transactions may be admitted if there is sufficient evidence that the accused committed the offense or act and that there is a sufficient connection or similarity between the offense and the crime charged, so that "proof of the former tends to prove the latter." *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). The independent act does not have to be identical to the crime charged. *Wells v. State*, 237 Ga. App. 109, 113 (4) (514 SE2d 245) (1999). "The proper focus is on the similarity, not the differences, between the separate crimes and the crime in question." *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998). "Particularly in the area of sexual offenses, the admissibility of similar transaction evidence is liberally construed." (Citation omitted.) *Goodroe v. State*, 238 Ga. App. 66, 68 (2) (b) (518 SE2d 139) (1999).

All three instances involved attacks against adult women, who were either beaten or threatened during a sexual assault or attempted sexual assault. While there was a significant lapse in time between the incidents, any lapse of time between the prior offense and the crimes charged goes to the weight and credibility of the evidence, not to its admissibility. *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353) (1994). Given these similarities, the trial court did not abuse its discretion in admitting the evidence.

McGuire also claims that intent was not an issue in this case, because "the manner in which the assault was committed left little doubt as to his intent." He maintains that since intent was already shown, the similar transaction evidence in effect tells "the jury that because appellant committed theses types of crimes in the past he committed this crime."

> A "crime" is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence. OCGA § 16-2-1. Intent is therefore an essential element of all crimes except those involving criminal negligence, although some crimes require an additional showing of specific intent.

*Tam v. State*, 232 Ga. App. 15 (1) (501 SE2d 51) (1998). Contrary to McGuire's contention, "[a] person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. The presence or lack of criminal intent is for the jury to decide based on the facts and circumstances proven at trial. *Harris v. State*, 222 Ga. App. 56, 58 (2) (473 SE2d 229) (1996).

Intent to rape was a material element of the aggravated assault charge against McGuire, and whether appellant intended to rape the

victim was a matter for the jury to determine from the circumstances of the case as proved, including the similar transaction evidence. See generally *Whitehill v. State*, 247 Ga. App. 267, 268-269 (543 SE2d 470) (2000).

3. McGuire also argues that the trial court erred by not merging the kidnapping and aggravated assault charges. He maintains that the kidnapping merged with the aggravated assault as a matter of fact because the fact that the victim was held against her will was used to prove kidnapping and aggravated assault. We do not agree.

The evidence shows that the kidnapping was based on evidence showing that when the victim attempted to escape the initial attack, McGuire grabbed her and dragged her to a more secluded area of the trailer park. The aggravated assault with intent to rape conviction was based on evidence that McGuire beat the victim with his hands and fists with the intention of raping her.

Separate offenses supported by different facts do not merge as a matter of law. *Boone v. State*, 250 Ga. App. 133, 138 (7) (549 SE2d 713) (2001).

4. McGuire last asserts that he received ineffective assistance of trial counsel because trial counsel did not object to the similar transaction evidence and did not object when the State made an improper comment during the opening statement. Upon review of this claim, however, we discern no error.

To establish ineffective assistance of counsel, McGuire "must show that (1) counsel's performance was deficient, and (2) the deficiency so prejudiced his defense that a reasonable possibility exists that the trial's outcome would have been different but for that deficiency." *Cowan v. State*, 243 Ga. App. 388, 396 (10) (531 SE2d 785) (2000). Trial strategy and tactics do not equate with ineffective assistance of counsel; further, "[t]here is a strong presumption that trial counsel's performance fell within the wide range of reasonable professional assistance, and that any challenged action was sound trial strategy." (Punctuation and footnote omitted.) *Glore v. State*, 241 Ga. App. 646, 649 (3) (526 SE2d 630) (1999). A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. *Jack v. State*, 245 Ga. App. 216, 219-220 (6) (536 SE2d 235) (2000).

(a) McGuire argues that trial counsel was ineffective for failing to renew his pre-trial objection to the similar transaction evidence during the trial. However, "as we held in Division 2, the admission of this similar transaction evidence was proper. Trial counsel's failure to pursue a futile objection does not constitute ineffective assistance." (Citation and punctuation omitted.) *Bogan v. State*, 255 Ga. App. 413, 415 (3) (a) (565 SE2d 588) (2002).

(b) McGuire next claims that trial counsel was ineffective for failing to object when the State referred to the crime as an "acquaintance rape" in the opening statement.

Trial counsel at the motion for new trial hearing admitted that he did not object when the crime was referred to as "acquaintance rape" during the opening statement, but testified that he did not make it a practice to object to every objectionable statement in opening or closing statement. Two of the reasons he did not object were if he determined that the statement was not objectionable enough, and if he did not want to further highlight the remark.

"It is well established that the decision of whether to interpose certain objections is a matter of trial strategy and tactics." *Gosnell v. State*, 247 Ga. App. 508, 511 (3) (544 SE2d 477) (2001). "Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel." (Citations and punctuation omitted.) *Cupe v. State*, 253 Ga. App. 851, 855 (3) (a) (560 SE2d 700) (2002).

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 30, 2004.

*David D. Bishop*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.