A05A1268. KILPATRICK v. THE STATE.
(618 SE2d 719)

BARNES, Judge.

A jury found James Kilpatrick guilty of the lesser included offense of robbery by intimidation after he was indicted and tried for armed robbery. He appeals, contending that the trial court erred by failing to give his requested charge on robbery by intimidation. Finding no error, we affirm the conviction.

The State submitted evidence showing that Kilpatrick entered a convenience store and asked the clerk for cigarettes. Kilpatrick then repeatedly demanded that the clerk give him money, and moved to within a few feet of the clerk, trapping him behind the counter. Kilpatrick asked the clerk if he wanted to die, and pulled what the clerk believed to be the handle of a gun out of his jacket pocket. The clerk stepped away from the register and Kilpatrick opened it, removed the bills, and left with the cash and cigarettes. The clerk testified that he knew Kilpatrick before the robbery, and identified him in a lineup and in court.

Kilpatrick testified that the store clerk owed him money and that when he came to collect it, the clerk told him to take it out of the cash register. He denied having a gun, opening his coat to show the clerk a gun, or threatening the clerk. However, he admitted that his demeanor "might have been threatening" and that he "might have whipped him right there if he hadn't given me some money."

In his only enumeration of error, Kilpatrick asserts that the court committed reversible error by failing to give the pattern jury charge on robbery by intimidation which includes a definition of the term intimidation. The court charged the jury as follows: "A person commits robbery by intimidation when with intent to commit theft, that person takes property from the immediate presence of another by intimidation." Kilpatrick argues that the pattern jury charge is superior because it specifies that intimidation as it relates to robbery means "putting the alleged victim under such fear as would create in the mind of the victim an apprehension to life or limb." Without being

given this explanation of intimidation, Kilpatrick argues, the jury might have convicted him based on a lesser standard of intimidation.

We find no merit in this enumeration because OCGA § 16-8-40 outlines the following alternative ways in which a person can commit the offense of robbery:

> (a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:
> (1) By use of force;
> (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or·
> (3) By sudden snatching.

Based on the plain language of this Code provision, it is clear that apprehension of life or limb is not the definition of intimidation. It is an alternative means by which robbery by intimidation may be committed. See *Hogan v. State*, 178 Ga. App. 534, 535 (343 SE2d 770) (1986) (crime of robbery requires proof that property taken from another "by employment of one of the various alternative means enumerated in OCGA § 16-8-40 (a)"); *Espinoza v. State*, 243 Ga. App. 665, 666 (2) (534 SE2d 127) (2000) (robbery by intimidation committed under OCGA § 16-8-40 (a) (2) when property is taken from another " 'by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another' "). As a result, Kilpatrick's claim that he was harmed because the jury might have convicted him on an unauthorized, lesser standard of intimidation has no merit. Because the jury convicted Kilpatrick based on a proper instruction as to how the crime of robbery by intimidation may be committed, we find no reversible error resulted from the trial court's failure to give the charge requested by Kilpatrick. See *McMath v. State*, 253 Ga. App. 523, 524 (559 SE2d 544) (2000) (a jury charge is sufficient where it is a correct statement of the law that, taken as a whole, would not mislead a jury of ordinary intelligence).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*Little, Bates & Kelehear, Sam F. Little*, for appellant.
*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.