**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4260**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID JACKSON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Aiken. J. Michelle Childs, District Judge. (1:16-cr-00401-JMC-1)

Submitted: October 12, 2017                 Decided: November 17, 2017

Before DUNCAN, AGEE, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, John C. Potterfield, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Jackson, Jr., appeals the 140-month sentence imposed upon him after he pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a) (2012). Jackson asserts that neither his prior Georgia robbery conviction, nor his prior Georgia attempted robbery conviction, qualify as a "crime of violence" to support the career offender enhancement under U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (2016). We agree and vacate and remand to the district court for resentencing.

Where, as here, "a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will "reverse unless we conclude that the error was harmless." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010). "In assessing whether a district court properly calculated the [Sentencing] Guidelines range, including its application of any sentencing enhancements, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks, brackets, and italics omitted).

Under USSG § 4B1.1(a), a defendant is a career offender if he was older than eighteen years of age when he committed the instant offense, the instant offense is a felony that is a "crime of violence" or a "controlled substance offense" as defined by the Guidelines, and the defendant has two prior felony convictions for a "crime of violence" or a "controlled substance offense[.]" A "crime of violence" for purposes of the career offender Guideline is any offense under federal or state law that is punishable by imprisonment for a term exceeding one year that:

2

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause], or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c) [the enumerated offense clause].

USSG § 4B1.2(a). The application notes indicate that a "'crime of violence' include[s] . . . the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." USSG § 4B1.2 cmt. n.1.

In determining whether an offense qualifies as a "crime of violence" under either the force or enumerated offense clauses, this court may employ either the "categorical approach" or the "modified categorical approach." The categorical approach applies when a defendant was convicted of an offense under "an 'indivisible' statute—i.e., one not containing alternative elements[.]" *Descamps v. United States*, ___ U.S. ___, ___, 133 S. Ct. 2276, 2281 (2013). Under the categorical approach, courts are directed to examine only the elements of the state offense and the fact of conviction, not the defendant's particular conduct in committing the offense. *Id.* Moreover, this court must "focus on the minimum conduct" required to sustain a conviction for the state crime, and there must be a "realistic probability, not a theoretical possibility," that a state would actually punish particular conduct under the statute. *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016) (internal quotation marks omitted). This court looks to state court decisions to determine the minimum conduct needed to commit a particular offense, *see id.*, and to identify the elements required by the state offense, *see United States v. Hemingway*, 734 F.3d 323, 332 (4th Cir. 2013).

3

In contrast, "the modified approach . . . helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Descamps*, 133 S. Ct. at 2283. This approach applies in a "narrow range of cases" where the offense defined by the relevant statute includes conduct such that some commissions of the offense constitute crimes of violence, while others do not. *Id.* (internal quotation marks omitted). When conducting the modified categorical approach, a court may "look beyond the statutory elements" of the offense to the specific conduct underlying that prior offense. *Id.* at 2284. In doing so, a sentencing court may consider *Shepard*[1]-approved sources, such as "the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court." *United States v. King*, 673 F.3d 274, 278 (4th Cir. 2012).

In Georgia, "robbery" occurs when, "with intent to commit theft," an individual "takes property of another from the person or the immediate presence of another: (1) [b]y use of force; (2) [b]y intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) [b]y sudden snatching." Ga. Code Ann. § 16-8-40(a) (2017). The Supreme Court of Georgia has acknowledged that "[w]hen the Code speaks of force, it means actual violence" and "implies actual personal violence, a struggle and a personal outrage." *Nelson v. State*, 46 S.E.2d 488, 493-94 (Ga. 1948). Similarly, "[a] conviction for robbery by intimidation

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

4

requires proof that the theft was attended with such circumstances of terror—such threatening by word or gesture, as in common experience, are likely to create an apprehension of danger, and induce a person to part with his property for the safety of his person." *Smith v. State*, 543 S.E.2d 434, 435 (Ga. Ct. App. 2000) (internal brackets and ellipses omitted). In contrast, "[r]obbery by sudden snatching is where no other force is used than is necessary to obtain possession of the property from the owner, who is off his guard, and where there is no resistance by the owner or injury to his person." *King v. State*, 447 S.E.2d 645, 647 (Ga. Ct. App. 1994).

Thus, while convictions for robbery "[b]y use of force" under subsection (a)(1) and "[b]y intimidation" under subsection (a)(2) likely qualify as proper career offender predicates under the Guidelines' force clause, *see, e.g., United States v. Thomas*, 280 F.3d 1149, 1158-59 (7th Cir. 2002) (holding that Georgia conviction for robbery by intimidation is a violent felony under the force clause of the Armed Career Criminal Act (ACCA)), "robbery by sudden snatching" would not. Therefore, if the district court should have applied the categorical approach to determine the predicate status of Jackson's prior Georgia convictions, Jackson's prior Georgia convictions could not be classified as proper career offender predicates. *See Gardner*, 823 F.3d at 803; *see also United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("[W]hen a statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence."). *Cf. United States v. Royal*, 731 F.3d 333, 341–42 (4th Cir. 2013) (reasoning that, because the Maryland offense of second-degree assault has an indivisible set of elements that may

5

be committed by either violent or nonviolent means, it does not qualify categorically as an ACCA "violent felony"). Accordingly, we must determine whether the Georgia robbery statute under which Jackson was previously convicted is divisible (i.e., contains alternative elements), thereby justifying the district court's application of the modified categorical approach.

To determine whether the Georgia statute is divisible, thereby allowing for use of the modified categorical approach, we must determine whether the various circumstances listed in § 16-8-40(a) are "elements or means" under which Georgia robbery may be committed. *See Mathis v. United States*, ___ U.S. ___, ___, 136 S. Ct. 2243, 2256 (2016). The Supreme Court has explained that "'[e]lements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id*. at 2248 (citing Black's Law Dictionary 634 (10th ed. 2014)). "At a trial, [elements] are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty[.]" *Id.* (internal citations omitted).

"Facts, by contrast, are mere real-world things—extraneous to the crime's legal requirements." *Id.* "They are 'circumstances' or 'events' having no 'legal effect or consequence': In particular, they need neither be found by a jury nor admitted by a defendant." *Id.* (citing Black's Law Dictionary 709) (internal brackets omitted). In other words, "[a] statute is indivisible when the jury need not agree on anything past the fact that the statute was violated." *Fuertes*, 805 F.3d at 498 (internal quotation marks omitted). "Any statutory phrase that—explicitly or implicitly—refers to multiple,

6

alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Id.* (internal quotation marks omitted). Thus, "mere use of the disjunctive 'or' in the definition of a crime does not automatically render it divisible." *Omargharib v. Holder*, 775 F.3d 192, 194 (4th Cir. 2014). Rather, "[o]nly when the law requires that in order to convict the defendant the jury must unanimously agree that he committed a particular substantive offense contained within the disjunctively worded statute are we able to conclude that the statute contains alternative *elements* and not alternative *means*." *Fuertes*, 805 F.3d at 798 (internal quotation marks and brackets omitted).

To decide whether a statute's alternative items are elements or means, a court must consult "authoritative sources of state law[.]" *Mathis*, 136 S. Ct. at 2256. For example, the Supreme Court in *Mathis* relied on a "state court decision [that] definitively answer[ed] the question" that a burglary statute listed alternative means of satisfying a single locational element, such that a jury need not agree on which location was involved in the offense. *Id. Mathis* also held that "[i]f statutory alternatives carry different punishments, then . . . they must be elements." *Id.* In addition, the Supreme Court suggested that courts may look to "the record of a prior conviction itself" to see how the crime is charged, since "an indictment and jury instructions could indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements, each one of which goes toward a separate crime." *Id.* at 2257. Based on the relevant caselaw and Georgia's jury instructions, we conclude that the methods listed in § 16-8-40 are "means" rather than "elements[.]" *See Hogan v. State*, 343 S.E.2d 770,

7

771-72 (Ga. Ct. App. 1986) (recognizing that "*the* crime of robbery requires proof that one, with the intent to commit theft, took property from the person or immediate presence of another by employment of one of the various alternative means enumerated in . . . § 16–8–40(a)" (emphasis in original)); *see also Kilpatrick v. State*, 618 S.E.2d 719, 720 (Ga. Ct. App. 2005) (recognizing that Georgia's robbery statute "outlines . . . . alternative *ways* in which a person can commit *the* offense of robbery" (emphasis added)).

Moreover, in *Gardner*, this court found that common law robbery in North Carolina was an indivisible crime because North Carolina's Pattern Jury Instructions define the final element of the offense as "'the taking . . . by violence or by putting the person in fear.'" *Gardner*, 823 F.3d at 802 (citing N.C. Pattern Instructions—Crim. 217.10). Thus, we concluded that a "jury need not agree unanimously that the felonious taking was committed by the use of violence or by instilling fear, only that one of the two means was employed." *Id.* at 802-03. "Accordingly, North Carolina common law robbery may be committed by the alternate *means* of violence or fear that do not constitute different elements of distinct crimes [and t]he crime, therefore, is an indivisible offense, in which the modified categorical approach has no role to play." *Id.* at 803 (internal quotation marks omitted).

Similar to North Carolina's Pattern Jury Instructions upon which we relied in *Gardner*, Georgia's Suggested Pattern Jury Instructions defining § 16-8-40 provide that:

> A person commits robbery when, with intent to commit theft, that person takes property of another from the person or the immediate presence of another (by use of force) (by intimidation) (by use of threat or coercion) (by placing such person in fear of immediate serious bodily injury to that person or to another) (by suddenly snatching). The essential elements of

8

the offense that the State must prove beyond a reasonable doubt are that the taking was done

> 1) with the purpose to commit theft,
>
> 2) against the will of the person robbed, and
>
> 3) by force, by intimidation, by the use of threat or coercion, by placing such person or another in fear of immediate serious bodily injury to himself/herself or another, or by sudden snatching.

*See Georgia Pattern Jury Instructions - Criminal*, Vol II, 2.60.10 (4th ed. 2017). Under this instruction, a jury need not agree unanimously that the felonious taking was committed by the use of force, by intimidation, or by sudden snatching, but only that one of those means was employed. Accordingly, Georgia's own Pattern Jury Instructions supports the conclusion that Georgia's robbery statute is indivisible, thereby requiring application of the categorical approach. *See Gardner*, 823 F.3d at 802-03.

Based on the foregoing, we conclude that Georgia's robbery statute is indivisible. Since only two forms of robbery listed in the statute likely satisfy the career offender force clause, *see supra*, a prior Georgia robbery conviction may not categorically be classified as a career offender predicate under the Guidelines' force clause. Accordingly, it was error for the district court to employ the modified categorical approach to determine if the career offender enhancement should be applied to Jackson's base offense level.

In reaching this conclusion, we recognize that the career offender enumerated offense clause specifically references robbery as a proper career offender predicate. *See* USSG § 4B1.1(a)(2). Because Georgia's robbery statute is indivisible, however, robbery

9

in Georgia can only be a "crime of violence" under the Guideline's enumerated offense clause if the conduct criminalized by the Georgia statute is no broader than that criminalized by the generic offense of robbery. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). To determine the career offender predicate status under the enumerated offense clause, we must first distill a generic definition of the predicate offense based on how the offense is defined by a majority of the States, learned treatises, and the Model Penal Code (MPC), and after finding the generic form of the predicate offense, determine whether the defendant's prior conviction constituted a conviction of the generic offense. *See United States v. Peterson*, 629 F.3d 432, 436 (4th Cir. 2011).

Robbery statutes vary widely from state to state and, thus, we look to the manner in which the MPC defines robbery. *Id.* According to the MPC, robbery occurs when a person, in the course of committing a theft: "(a) inflicts serious bodily injury upon another; (b) threatens another with or purposely puts him in fear of immediate serious bodily injury; or (c) commits or threatens immediately to commit any felony of the first or second degree." Model Penal Code § 222.1 Robbery (Am. Law Inst. 2016). The MPC explanatory note further explains that "[r]obbery is distinguished from ordinary larceny by . . . the use or threat of violence." *Id.* Under the MPC's definition of robbery, violence must be used or threatened in order for a robbery to occur. Because robbery in Georgia can be committed both violently and non-violently, *see supra*, we conclude that Georgia's robbery statute is categorically broader than the generic definition and, thus,

Jackson's prior Georgia robbery convictions are not "crime[s] of violence" under the career offender enumerated offense clause.[2]

Based on the foregoing, we find that it was error for the district court to classify Jackson as a career offender based on his prior Georgia robbery and attempted robbery convictions. Accordingly, we vacate Jackson's sentence and remand to the district court for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] Because Jackson's Georgia robbery conviction is not a proper career offender predicate, his Georgia attempted robbery conviction is also not a proper career offender predicate. *See United States v. Dozier*, 848 F.3d 180, 185 (4th Cir. 2017) (holding that to determine career offender predicate status of attempt conviction, the Court must "determine whether the state's definition of attempt categorically comports with the generic definition of attempt as that term is used in the career-offender enhancement[,]" and also "whether the underlying state offense is a categorical match for the Guideline predicate offense" (internal quotation marks omitted)).